STATE OF NORTH CAROLINA v. JOHN STERLING GARDNER

No. 207A84

(Filed 2 October 1984)

1. **Criminal Law § 138— Fair Sentencing Act—sentencing hearing—finding of statutory mitigating factor not requested by defendant**

The court erred in a sentencing hearing when it failed to find a mitigating factor specifically listed in N.C. G.S. 15A-1340.4(a)(2), even though defendant did not request that finding, when all of the substantial, uncontradicted and manifestly credible evidence supported a finding that the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer.

2. **Criminal Law § 138— Fair Sentencing Act—non-statutory mitigating factors not submitted by defendant**

The trial judge is not required to consider whether the evidence supports the existence of non-statutory mitigating factors in the absence of specific request by defense counsel.

APPEAL by defendant from *Judge Helms* at the 28 November 1983 Criminal Session of ROWAN Superior Court.

Defendant was charged in a bill of indictment with the first degree murder of Ray Eugene Shaver. He entered a plea of guilty to second degree murder.

At trial the State introduced evidence tending to show that in February 1983 Captain of Detectives Glenn A. Sides of the Rowan County Sheriff's Department received information that Defendant Gardner, who was confined in Forsyth County jail on an unrelated charge, wished to talk about the murder of Ray Eugene Shaver. Shaver had been killed in Rowan County on 17 December 1982 and at the time Gardner expressed his desire to speak with Rowan County police officers about the crime, they had no suspects.

Defendant made two inculpatory statements to Captain Sides in February 1983 and still another statement in September 1983. Each of these statements varied factually but each placed defendant at the scene of the murder as an aider and abettor in the felony of armed robbery.

The State also offered evidence of defendant's past criminal record which consisted of a misdemeanor breaking and entering

in 1976, three counts of breaking or entering into a motor vehicle in 1978, felonious breaking or entering into a building in 1978, two counts of felonious escape in 1978, a conviction of armed robbery in 1983 and two counts of murder in the first degree in 1983.

Defendant's evidence consisted of a statement made by his attorney. The attorney said defendant had told him that the original statement he made to Rowan County police officers was true. Defendant also told his attorney he would thereafter testify in court against the parties named in that statement as participants in the crime which resulted in Mr. Shaver's death.

The trial judge found as a single aggravating factor that the defendant had a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement. He found no mitigating factors. After finding that the aggravating factor was proven by a preponderance of the evidence and that it outweighed the factors in mitigation, the trial court entered judgment imposing a sentence of life imprisonment.

*Rufus L. Edmisten, Attorney General, by John R. B. Matthis, Special Deputy Attorney General, and Alan S. Hirsch, Assistant Attorney General, for the State.*

*M. Bays Shoaf, for defendant-appellant.*

BRANCH, Chief Justice.

[1] Defendant assigns as error the failure of the trial judge, *ex mero motu*, to find as a mitigating factor that prior to arrest, or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer. N.C. Gen. Stat. § 15A-1340.4(a)(2)(l) (1983).

We considered a question similar to the one here presented in *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). There, in finding that the trial court erred in failing to find one of the statutory mitigating factors listed in N.C. Gen. Stat. § 15A-1340.4(a)(2) this Court stated:

> When evidence in support of a particular mitigating or aggravating factor is uncontradicted, substantial, and there is no reason to doubt its credibility, to permit the sentencing judge simply to ignore it would eviscerate the Fair Sentenc-

ing Act. The Act clearly states that unless the sentence is imposed pursuant to a plea arrangement "he *must* consider each of the [statutory] aggravating and mitigating factors." G.S. 15A-1340.4(a) (Cum. Supp. 1981) (emphasis added). The Act further states that one of "[t]he primary purposes of sentencing a person convicted of a crime [is] to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability. . . ." G.S. 15A-1340.3 (Cum. Supp. 1981). To allow the trial court to ignore uncontradicted, credible evidence of either an aggravating or a mitigating factor would render the requirement that he consider the statutory factors meaningless, and would be counter to the objective that the punishment imposed take "into account factors that may diminish or increase the offender's culpability." The sentencing judge, even when required to find factors proved by uncontradicted, credible evidence, may still attribute whatever weight he deems appropriate to the individual factors found when balancing them and arriving at a prison term. *State v. Ahearn*, 307 N.C. 584, 596-97, 300 S.E. 2d 689, 697 (1983) (quoting *State v. Davis*, 58 N.C. App. 330, 333-34, 293 S.E. 2d 658, 661, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982) ); G.S. 15A-1340.4(b) (Cum. Supp. 1981) (trial court must find aggravating factors outweigh mitigating if he imposes term greater than presumptive or that mitigating factors outweigh aggravating if he imposes term less than presumptive).

          .   .   .

[T]he defendant bears the burden of persuasion on mitigating factors if he seeks a term less than the presumptive. Thus, when a defendant argues, as in the case at bar, that the trial court erred in failing to find a mitigating factor proved by uncontradicted evidence, his position is analogous to that of a party with the burden of persuasion seeking a directed verdict. He is asking the court to conclude that "the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn," and that the credibility of the evidence "is manifest as a matter of law." (Citations omitted.)

*State v. Jones*, 309 N.C. at 220, 306 S.E. 2d at 455.

In the instant case all of the substantial, uncontradicted and manifestly credible evidence supports a finding that prior to his arrest for the murder of Ray Eugene Shaver, "the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer." N.C. Gen. Stat. § 15A-1340.4 (a)(2)(1). We therefore hold that the trial judge erred when he failed to find this statutory mitigating factor, even though defendant did not request this finding. For this reason, this cause must be remanded for a new sentencing hearing. *See State v. Ahearn,* 307 N.C. 584, 602, 300 S.E. 2d 689, 700-01 (1983).

[2] We wish to make it abundantly clear that the duty of the trial judge to find a mitigating factor that has not been submitted by defendant arises only when the evidence offered at the sentencing hearing supports the existence of a mitigating factor *specifically listed in N.C. Gen. Stat. § 15A-1340.4(a)(2)* and when the defendant meets the burden of proof established in *State v. Jones,* 309 N.C. 214, 306 S.E. 2d 451 (1983). The trial judge is not required to consider whether the evidence supports the existence of non-statutory mitigating factors in the absence of specific request by defense counsel.

The judgment entered in the trial court is vacated and this cause is remanded for a new sentencing hearing.

Remanded for a new sentencing hearing.