State v. Kornegay

———

STATE OF NORTH CAROLINA v. RICKY LEWIS KORNEGAY

No. 8314SC1311

(Filed 2 October 1984)

1. **Criminal Law § 101.2— probation officer in courtroom—conversation with juror—no effect on deliberations**

    The jury's deliberations were not affected and defendant was not entitled to a mistrial where one of the jurors was personally acquainted with defendant's probation officer who was present in the courtroom; at the close of the evidence the juror asked the probation officer if she were connected with the case; she responded that she was defendant's probation officer; defendant had not taken the stand and his criminal record was not before the jury; by implication the information was repeated when the judge asked the other jurors whether any of them had heard the conversation with "the probation officer";

and the court examined the jurors to determine whether the conversation would affect their deliberations and was satisfied that it would not.

**2. Criminal Law § 138.6— escape during trial—aggravating factor**

Defendant's escape from the courtroom after the verdict but prior to sentencing was relevant evidence for the court to consider in sentencing pursuant to the Fair Sentencing Act. G.S. 15A-1340.4.

**3. Criminal Law § 138.6— caution to avoid bodily harm—no mitigating factor**

In a prosecution of defendant for felonious breaking or entering and felonious larceny, there was no merit to defendant's contention that his caution to avoid causing bodily harm—in essence, his decision to commit larceny rather than robbery—should have been found as a mitigating factor, since the mitigating factor of G.S. 15A-1340.4(a)(2)(j) is available only when a defendant exercises caution to prevent or cannot reasonably foresee harm that actually occurs, but defendant in this case sought to mitigate crimes he committed against property with evidence of further crimes he could have committed against persons.

APPEAL by defendant from *McLelland, Judge* (trial), and *Barnette, Judge* (sentencing). Judgments entered 23 August 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 19 September 1984.

Defendant appeals from judgments of imprisonment entered upon a jury verdict finding him guilty of five counts each of felonious breaking or entering and felonious larceny.

*Attorney General Edmisten, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*J. Randolph Ward for defendant appellant.*

WHICHARD, Judge.

Defendant raises three questions: whether denial of his motion for mistrial based on prejudicial taint of the jury is reversible error; whether his escape from custody after the verdict but prior to sentencing constitutes a permissible aggravating factor under the Fair Sentencing Act; and whether his caution to avoid causing bodily harm—in essence, his decision to commit larceny rather than robbery—should have been found as a mitigating factor. We find no error.

I.

[1] As a general rule, the grant or denial of a motion for mistrial in non-capital cases is in the sound discretion of the trial court.

*State v. Battle,* 267 N.C. 513, 518, 148 S.E. 2d 599, 602 (1966). The court's order is not reviewable except for gross abuse of discretion, and the burden is on defendant to show such abuse. *Id.*

In this case, one of the jurors was personally acquainted with defendant's probation officer, who was present in the courtroom. At the close of the evidence, the juror asked the probation officer if she were connected with this case; she responded that she was defendant's probation officer. Defendant had not taken the stand and his criminal record was not before the jury. By implication the information was repeated when the judge asked the other jurors whether any of them had heard the conversation with "the probation officer."

Defendant argues that any information reaching the jury bearing on his character or propensity for crime could reasonably be expected to influence the jury's decision. He cites *State v. Johnson,* 295 N.C. 227, 244 S.E. 2d 391 (1978) in support of his position. The test, as stated in *Johnson,* is as follows:

> [N]either the common law nor statutes contemplate as ground for a new trial a conversation between a juror and a third person *unless it is of such a character as is calculated to impress the case upon the mind of the juror in a different aspect than was presented by the evidence in the courtroom, or is of such a nature as is calculated to result in harm to a party on trial.*

*Id.* at 234, 244 S.E. 2d at 396.

Here the court questioned the jury as to its knowledge of the conversation. It examined the jurors to determine whether the conversation would affect their deliberations and was satisfied that it would not. The record contains no basis for disturbing the exercise of the court's discretion in finding that the jury's deliberations would not be affected and in thus denying the motion for mistrial.

II.

[2] Defendant contends that his escape from the courtroom, after the verdict but prior to sentencing, was not transactionally related to the crimes for which he was being sentenced and therefore cannot be considered as an aggravating factor under

the Fair Sentencing Act. This Court faced a similar situation in *State v. Rotenberry*, 54 N.C. App. 504, 284 S.E. 2d 197 (1981), a pre-Fair Sentencing Act case. There defendant argued that evidence of his escape on the day of his probable cause hearing was irrelevant and prejudiced the sentencing court against him. The Court held otherwise, stating: "Defendant's escape pending his trial was clearly relevant evidence for the court to consider at the sentencing hearing." *Id.* at 512, 284 S.E. 2d at 202.

In light of two recent decisions, defendant's escape during trial was also relevant evidence for the court to consider in sentencing pursuant to the Fair Sentencing Act. That act provides that the court "may consider any aggravating . . . factors that . . . are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing . . . ." G.S. 15A-1340.4. Our Supreme Court recently held that a defendant's perjury during trial is reasonably related to the purposes of sentencing and, when proven by a preponderance of the evidence, may serve as a non-statutory aggravating factor which warrants a more severe sentence. *State v. Thompson*, 310 N.C. 209, 311 S.E. 2d 866 (1984). It stated:

> [T]he character of the defendant, his conduct, and particularly that conduct as it reflects his attitude toward society and its laws, are relevant considerations for a trial judge in determining what sentence [is] to be imposed. Perjury at trial often indicates a defendant's continued defiance of society's system of laws and to that extent reflects on his potential for rehabilitation and is thus 'reasonably related to the purposes of sentencing.'

*Id.* at 222, 311 S.E. 2d at 873. The Supreme Court also stated recently, in upholding a statutory aggravating factor: "One demonstrates disdain for the law by committing an offense while on release pending trial of an earlier charge, and this may indeed be considered an aggravating circumstance." *State v. Webb*, 309 N.C. 549, 559, 308 S.E. 2d 252, 258 (1983).

The reasoning of these decisions indicates that defendant's escape during trial could be considered as an aggravating factor in sentencing. An escape during trial, like perjury, "indicates a defendant's continued defiance of society's system of laws and to that extent reflects on his potential for rehabilitation and is thus

'reasonably related to the purposes of sentencing.' " *Thompson,* *supra.* The escape, committed while on trial for an earlier offense, also demonstrates disdain for the law. *Webb, supra.*

The evidence that the escape occurred is uncontroverted. The test of proof by the preponderance of the evidence thus has been met. Pursuant to the reasoning of *Thompson* and *Webb*, we hold that the factor in question was reasonably related to the purposes of sentencing. The court thus properly could consider it.

### III.

**[3]** Defendant contends the court should have found that his care to avoid causing bodily injury or fear constituted a mitigating factor. He presented evidence at the sentencing hearing that he and his cohort

> took pains to avoid contact with other persons and otherwise avoided violence while committing these crimes, which involved taking television sets from motel rooms. Specifically, that they carried no weapons and used no instrumentaility [sic] in a manner threatening harm to persons; that they approached only motel rooms that appeared to be unoccupied, knocked before forcing entry, and if there was a response to the knock, fled.

The statutory mitigating factor defendant relies upon reads: "The defendant could not reasonably foresee that his conduct would cause or threaten serious bodily harm or fear, or the defendant exercised caution to avoid such consequences." G.S. 15A-1340.4 (a)(2)(j).

This mitigating factor is available only when a defendant exercises caution to prevent or cannot reasonably foresee harm that *actually occurs. See, e.g., State v. Benbow,* 309 N.C. 538, 545-46, 308 S.E. 2d 647, 652 (1983); *State v. Jones,* 309 N.C. 214, 221-22, 306 S.E. 2d 451, 456 (1983); *State v. Puckett,* 66 N.C. App. 600, 607, 312 S.E. 2d 207, 211-12 (1984). Defendant in effect seeks to mitigate crimes he committed against property with evidence of further crimes he could have committed against persons. The statutory factor in question was not designed to benefit an offender who merely chooses to commit lesser crimes when greater ones are within his grasp. The argument is ingenious but obviously without merit.

No error.

Chief Judge VAUGHN and Judge JOHNSON concur.