STATE OF NORTH CAROLINA v. FELIX TORRES AND TIMOTHY WAYNE FORSYTH

No. 8414SC1167

(Filed 15 October 1985)

1. Criminal Law § 162— denial of motion in limine—necessity for objection to evidence at trial

   Even though the trial court denied defendants' motion in limine to prevent the admission of certain rings, defendants' failure to object to the introduction of the rings at trial constituted a waiver of the objection so that admission of the rings will not be reviewed on appeal.

2. Criminal Law § 102.6— jury argument—gun not admitted into evidence—harmless error

   The trial court erred in allowing the prosecutor over defense objections to hold a pellet gun up to the view of the jury during his closing arguments and to refer to the gun when the gun had not been offered or admitted into evidence, but such error was not prejudicial because defendant was charged with assaulting the victim with metal rings rather than with a gun.

3. Assault and Battery § 17— felonious assault—rings as deadly weapons—refusal to set verdict aside

   The trial court did not abuse its discretion in refusing to set aside a verdict of guilty of assault with a deadly weapon inflicting serious injury on the ground that large metal rings worn by defendants were not deadly weapons.

4. Criminal Law § 99.5— admonishment of counsel—no error

   The trial court did not err in admonishing defendant's attorney to keep her comments to herself when the attorney improperly remarked on a witness's testimony.

5. Criminal Law § 138— intoxication reducing culpability—failure to find as mitigating factor

   The trial judge did not err in failing to find as a mitigating factor for assault with a deadly weapon inflicting serious injury that defendants' intoxication reduced their culpability for the crime on the basis of testimony by one defendant that he was feeling sick because he had been high for three days and didn't have much to eat, and testimony by the second defendant that he was drunk and high and did not remember exactly what he was doing, since there was no showing that defendants' condition reduced their culpability or that defendants' evidence was manifestly credible. G.S. 15A-1340.4(a)(2)(d).

6. Criminal Law § 138— limited mental capacity reducing culpability—failure to find as mitigating factor

   The trial court did not err in failing to find as a mitigating factor that defendant's immaturity or limited mental capacity significantly reduced his culpability for the crime on the basis of a statement by defense counsel that defendant was a "Willie M child" who never received treatment.

APPEAL by defendants from *Bailey, Judge.* Judgment entered 18 July 1984 in Superior Court, DURHAM County. Heard in the Court of Appeals 23 August 1985.

Defendants were charged in proper indictments with assault with a deadly weapon inflicting serious injury and injury to personal property.

At trial the victim Douglas Wayne Thurman, age seventeen, testified that on 15 May 1984 he was a senior at Northern High School. He drove to school, parked his car and walked up to the school with his friend Thomas Swain. Defendant Torres called him, and Thurman turned around and walked towards Torres to find out what he wanted. Defendant Torres punched Thurman in the chin. Thurman fell down between two cars. Defendant Forsyth joined Torres and both defendants started hitting Thurman in the face. Defendant Torres had a knife in his belt and four large silver rings on his hand. One of the defendants had a gun. After the beating, Thurman was taken to the hospital and treated for a broken jaw.

On cross-examination Thurman said that he did not know if defendant Forsyth hit him, and he did not know if defendant Forsyth was wearing any rings.

Thomas Swain, Jr., testified that defendant Torres hit Thurman first and knocked Thurman to the ground. Thurman tried to get away. Then defendant Forsyth joined Torres in hitting Thurman.

William Roger Akers, Jr., who was a senior at Northern High School on 15 May 1984, testified:

> A. Well, I arrived at school about eight o'clock, and I started walking up to school, and I heard something behind me. I turned around and there was Doug standing behind me covered with blood, and I looked over and I saw Mr. Torres jump up on the car with a knife in his hand, and then I looked over at Mr. Forsyth and he pointed a gun at me and asked me if I wanted some too.

> MR. VANN: Motion to strike.

> COURT: Motion denied.

A. I said, "Doug, watch out, he has a gun, he has got a gun," and we jumped behind a car and we went on up to the school.

Akers said the gun looked like a .45 caliber automatic.

Kimberly Ann Bailey testified that on 15 May 1984 she drove her 1976 Honda Accord to school and at 11:00 a.m. she went out to the parking lot and saw that the roof of her car was caved in, there was a dent over the windshield, and there were blood and barefoot prints on the roof.

Matthew Grady Sandy testified that he was with both defendants the night of 14 May 1984 and they drank two cases of beer. The morning of the 15th, Sandy drove defendants to Northern High School. Defendant Torres was barefooted. Defendants called out: "Hey boy, come here" to Thurman; then Thurman and defendants disappeared between the cars. Sandy did not watch the fight. Sandy said that Defendant Torres was wearing very large skull head rings which stuck out "[a]s a brass knuckle would." Defendant Torres also had a BB pistol. Sandy heard Thurman yell, "Leave me alone, I can't take it anymore," and he heard glass shatter. Then defendants jumped into Sandy's car, and they drove away. They stopped at a store, and defendant Torres bought four cases of beer and a box of rings. Both defendants were covered in blood. On cross-examination Sandy said that he was testifying pursuant to a plea bargain agreement in which he would plead guilty to misdemeanor assault inflicting serious injury for which the State would recommend a two year suspended sentence.

When defendants were arrested, they both were wearing rings which were about the size of a quarter and were in the shape of skulls, eagles and pirate heads. The rings on defendant Torres' right hand were covered in blood.

Defendant Forsyth testified that the night of 14 May 1984 he, Sandy and defendant Torres stayed up all night drinking. When they went to Northern High School the morning of 15 May 1984, defendant Torres got out of the car to vomit. Then defendant Forsyth heard a noise, got out of the car and saw that defendant Torres and Thurman were fighting. He tried to break up the fight. On cross-examination defendant Forsyth said that before he went

to Northern High School he assaulted someone at Southern High School and was charged with assault with a deadly weapon inflicting serious injury and entered a plea of guilty to simple assault.

Defendant Torres testified that at Northern High School he was vomiting in the parking lot when Thurman approached him. He hit Thurman, and Thurman hit him back. Then he got back in the car. He denied jumping onto the Honda Accord.

The trial judge submitted the possible verdicts of assault with a deadly weapon inflicting serious injury, and the lesser included offense of assault inflicting serious injury, and injury to personal property, a Honda automobile, as to each defendant. The jury found both defendants guilty of assault with a deadly weapon inflicting serious injury and defendant Torres guilty of injury to personal property. Defendants received the maximum sentences for the offenses. Defendants appeal.

*Attorney General Thornburg by Assistant Attorney General Robert R. Reilly for the State.*

*Arthur Vann for defendant-appellant Forsyth.*

*R. Marie Sides for defendant-appellant Torres.*

PARKER, Judge.

[1] In their first and second assignments of error defendants argue that the trial court abused its discretion and committed prejudicial error in denying their motions in limine which sought to prevent introduction into evidence of rings purchased by defendant Torres after the incident and in admitting the rings into evidence at trial. We disagree.

"Generally, a motion in limine seeks to secure in advance of trial the exclusion of prejudicial matter. . . . In those jurisdictions which recognize the motion . . . the uniform rule appears to be that the decision whether to grant the motion is addressed to the trial judge's discretion." *State v. Rouf*, 296 N.C. 623, 252 S.E. 2d 720 (1979).

In this case, we discern no prejudice resulting from the trial judge's failure to grant defendant's motion in limine. Additionally, defendants failed to object when the rings were introduced into evidence at trial. *See, State v. Wilson*, 289 N.C. 531, 223 S.E. 2d

311 (1976), holding that notwithstanding a pretrial motion to suppress objectionable evidence, the failure to object in apt time at trial to objectionable testimony results in a waiver of the objection so that admission of the evidence will not be reviewed on appeal. These assignments of error are overruled.

Next, defendants assert the trial court erred in permitting cross-examination of defendants concerning their prior convictions. Having failed to object to these questions at trial, defendants are precluded from raising the issue on appeal. Rule 10, Rules of Appellate Procedure.

[2]   Next, defendant Forsyth contends that the trial court erred in allowing the prosecutor over defense objections to hold a pellet gun up to view to the jury during his closing arguments and to make occasional references to the gun when the gun had not been admitted into evidence. We agree the court erred in this regard, but we do not believe this error constituted prejudicial error.

Although it is well-established that "[a] prosecutor in a criminal case is entitled to argue vigorously all of the facts in evidence, any reasonable inference that can be drawn from those facts and the law that is relevant to the issues raised by the testimony," *State v. Maynard*, 311 N.C. 1, 316 S.E. 2d 197 (1984), it is equally well-established that he may not argue facts not present in the record, *State v. Kirkley*, 308 N.C. 196, 302 S.E. 2d 144 (1983), or facts not in evidence. *State v. Murray*, 310 N.C. 541, 313 S.E. 2d 523 (1984).

A review of the transcript reveals the jury was excused from the courtroom so the court could hear arguments and rule on defendant Forsyth's motion "to not have them [the State] put the gun in evidence." After argument, the court overruled the objection, and brought the jury back into the courtroom. The transcript reveals the following during examination of Akers:

Gun is marked State's Exhibit No. 1.

Mr. Stephens: It is a BB gun.

Court: It is a fake gun.

Q. Let me show you what has been marked previously State's Exhibit No. 1 and ask you if this looks in all respects like the weapon you saw that day?

A. Yes, sir, it does.

Q. Can you describe the manner in which it was held or being used?

OBJECTION BY MR. VANN; OVERRULED.

Q. Can I go ahead?

Q. Yes, Sir.

A. It was pointed at me like a regular gun would be pointed at me.

At the close of the State's evidence, the following transpired:

Mr. Stephens: That is going to be the evidence for the State. I believe all the exhibits that we intended to introduce are in, and the State will rest.

Mr. Vann: Objection to No. 1.

Mr. Stephens: We never officially—we would not offer that.

Court: My notes show that No. 1 was not offered, therefore, it is not in evidence, and my notes indicate that the others were.

Because State's Exhibit No. 1, the gun, was neither offered nor admitted into evidence, we believe it was error to allow the prosecutor to present this gun to the jury during his closing arguments. However, we do not believe that this constituted prejudicial error because defendant was charged with using "metal, raised-design rings on his fingers, deadly weapons, to assault and inflict serious injury. . . ." Defendant Forsyth was not charged with assault through the use of a firearm. In our view, whether defendant Forsyth possessed a firearm during this transaction would not affect the jury's deliberations on whether defendant Forsyth assaulted Thurman with deadly metal rings. The assignment of error is overruled.

[3] In defendants' fifth assignment of error, defendant Forsyth contends that the trial court erred in entering judgment on the verdict for the reason that the evidence did not support a verdict that the rings worn at the time of the fight were deadly weapons. After the jury returned its verdict, defendant moved to set aside the verdict as contrary to the weight of the evidence; this motion

was denied. This motion was in essence a motion for appropriate relief under G.S. 15A-1414(b)(2). A motion to set aside the verdict is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Jacobs*, 51 N.C. App. 324, 276 S.E. 2d 482 (1981); *State v. Watkins*, 45 N.C. App. 661, 263 S.E. 2d 846, *cert. denied*, 300 N.C. 561, 270 S.E. 2d 115 (1980). We find no such abuse and this assignment of error is overruled.

[4] Defendant Torres next assigns error to the trial judge's admonishment to defendant Torres' attorney: "Your comments, Mrs. Sides, your comments are not necessary. Keep them to yourself." Counsel for defendant had been improperly remarking on the witness' testimony, rather than asking a question, and the trial judge was properly exercising his control over the cross-examination of the witness.

[5] In their seventh assignment of error defendants argue that the trial judge erred in failing to consider and find as a factor in mitigation that defendants' mental condition significantly reduced their culpability because they had been drinking before the incident. Defendants did not, however, request that the trial judge find, as a factor in mitigation, that they were suffering from "a mental or physical condition that was insufficient to constitute a defense but significantly reduced [their] culpability for the offense." G.S. 15A-1340.4(a)(2)(d). The trial judge only has a duty to find a statutory mitigating factor that was not submitted by defendant when the evidence offered at the sentencing hearing in support of the factor in mitigation is both uncontradicted and manifestly credible. *State v. Gardner*, 312 N.C. 70, 320 S.E. 2d 688 (1984). In addition to their evidence that they were intoxicated, defendants must also satisfy the trial judge by the preponderance of the evidence that their mental or physical condition, *i.e.*, intoxication, significantly reduced their culpability for the offense. In describing his physical condition at the time of the incident, defendant Torres testified that he was "feeling sick already because [he] had been high like three days and didn't have much to eat." Defendant Forsyth testified that he was drunk and "high" and did not remember exactly what he was doing. There was no showing that defendants' condition reduced their culpability or that this evidence was manifestly credible. We hold that the trial

judge did not err in failing to find that defendants' intoxication reduced their culpability.

[6] Finally, in the last assignment of error defendant Torres asserts that the trial judge erred in failing to find as a statutory mitigating factor that defendant Torres' immaturity or limited mental capacity significantly reduced his culpability. The basis for this assignment is defense counsel's statement to the court that defendant Torres was a "Willie M child" who never received treatment. However, there was no sworn testimony as to defendant Torres' condition and no showing that this condition reduced defendant Torres' culpability. On the authority of *Gardner, supra*, this assignment of error is overruled.

We have carefully considered all defendants' assignments of error and find

No error.

Judges JOHNSON and EAGLES concur.