STATE OF NORTH CAROLINA v. JAMES LARRY ARNETTE

No. 8613SC789

(Filed 5 May 1987)

1. **Criminal Law § 138.34— drug addiction as mitigating factor—finding not required**

The sentencing judge did not err in refusing to find defendant's drug addiction a factor in mitigation of his sentence where defendant's evidence could justify a finding that the crimes were committed to support his habit, but he presented no evidence which would compel the conclusion that his culpability for the offense committed was significantly reduced because of his drug addiction. N.C.G.S. § 15A-1340.4(a)(2)d.

2. **Criminal Law § 138.39— breaking into unoccupied instead of occupied car—exercise of caution to avoid bodily harm—finding of mitigating factor not required**

The sentencing judge did not err in failing to find as a mitigating factor that defendant was exercising caution to avoid the possibility of serious bodily harm or fear because he broke into an unoccupied rather than an occupied car. N.C.G.S. § 15A-1340.4(a)(2)j.

3. **Criminal Law § 138.40— acknowledgment of wrongdoing—finding of mitigating factor not required**

The sentencing judge did not err in failing to find as a mitigating factor that, at an early stage of the criminal process, defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer, though there was evidence that defendant confessed, since there was no evidence establishing when in the criminal process the confession was made, and there was no evidence as to the importance of the confession in investigating and prosecuting the case. N.C.G.S. § 15A-1340.4(a)(2)l.

4. **Criminal Law § 138.35— limited mental capacity—finding of mitigating factor not required**

The sentencing judge did not err in failing to find that defendant's limited mental capacity at the time of the commission of the offense significantly reduced his culpability for the crime, since the phrase "limited mental capacity" is used in the sense of limited intelligence or low I.Q., and the only evidence presented as to defendant's intelligence or I.Q. was that he had earned an associate degree in mechanical engineering from the University of Kentucky. N.C.G.S. § 15A-1340.4(a)(2)e.

APPEAL by defendant from *Clark, Judge.* Judgment entered 26 March 1986 and Order entered 28 May 1986 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 6 January 1987.

Defendant, pursuant to a plea agreement, pled guilty to twenty-three felony charges and eleven misdemeanor charges, which arose out of a two month crime spree in which a number of automobiles were broken into and their contents stolen. In return for the guilty pleas, the State dismissed three felony and eleven misdemeanor charges also pending against defendant, agreed that the first five years of any active sentence received as a result of the guilty pleas would run concurrently with the sentence defendant was then serving, and limited to thirty years the active sentence defendant could receive for all charges pled to.

In conformity with the plea agreement, defendant pled guilty to one charge of breaking and entering an automobile and one charge of felonious possession of stolen property. The charges, arising out of an automobile break-in on 7 September 1985, were consolidated for sentencing.

At the 26 March 1986 sentencing hearing defendant presented evidence that he was a long-term drug abuser with a nine hundred dollar a day drug habit. Judge Clark found that no mitigating factors were present and found in aggravation of defendant's sentence that defendant had prior convictions for criminal offenses punishable by more than sixty days' confinement. Defendant received the maximum permissible sentence of ten years for the consolidated charges. Following sentencing, defendant filed a motion for appropriate relief requesting a new sentencing hearing contending that the sentence imposed was not supported by the evidence introduced at the sentencing hearing. The court heard and denied the motion.

From the judgment and order defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Debbie K. Wright, for the State.*

*Mark A. Lewis, for defendant appellant.*

ORR, Judge.

Defendant contends that the sentencing judge erred in refusing to find and consider several statutory mitigating factors, which defendant argues were proven by a preponderance of the evidence.

A refusal to find a statutory mitigating factor supported by uncontradicted and credible evidence is reversible error. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). The defendant, however, bears the burden of proving the existence of a factor by the preponderance of the evidence and convincing the sentencing judge "that 'the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn,' and that the credibility of the evidence 'is manifest as a matter of law.'" *Id.* at 220, 306 S.E. 2d at 455 (citations omitted).

I.

[1] First, defendant assigns as error the sentencing judge's refusal to find that defendant was suffering from a mental or physical condition which was insufficient to constitute a defense, but significantly reduced his culpability, pursuant to N.C.G.S. § 15A-1340.4(a)(2)d.

At the sentencing hearing, defendant's evidence established that he was a long-term drug abuser with an expensive drug habit. However, "[d]rug addiction is not *per se* a statutorily enumerated mitigating factor." *State v. Bynum*, 65 N.C. App. 813, 815, 310 S.E. 2d 388, 390, *disc. rev. denied*, 311 N.C. 404, 319 S.E. 2d 275 (1984). To require the finding of this factor defendant must establish an essential link between the drug addiction and the culpability for the offense, and prove that his condition did in fact reduce his culpability. *State v. Torres*, 77 N.C. App. 345, 335 S.E. 2d 34 (1985); *State v. Salters*, 65 N.C. App. 31, 308 S.E. 2d 512 (1983), *disc. rev. denied*, 310 N.C. 479, 312 S.E. 2d 889 (1984).

Although defendant's evidence could justify a finding that the crimes were committed to *support* his habit, he presented no evidence that would compel the conclusion that his culpability for the offense committed was significantly reduced because of his drug addiction. Therefore, defendant did not establish a right to such a finding. This Court concludes there was no error in the sentencing judge's refusal to find defendant's drug addiction a factor in mitigation of his sentence.

II.

[2] Defendant next assigns as error the sentencing judge's failure to find that defendant could not reasonably foresee that his conduct would cause or threaten serious bodily harm or fear, or

that defendant exercised caution to avoid such consequences, pursuant to N.C.G.S. § 15A-1340.4(a)(2)j. In essence defendant contends that since he broke into an unoccupied car, he was exercising caution to avoid the possibility of serious bodily harm or fear.

"This mitigating factor is available only when a defendant exercises caution to prevent or cannot reasonably foresee harm that *actually occurs." State v. Kornegay*, 70 N.C. App. 579, 583, 320 S.E. 2d 421, 423 (1984), *disc. rev. denied*, 313 N.C. 175, 326 S.E. 2d 34 (1985) (emphasis supplied). No bodily harm, serious or otherwise, occurred during the commission of any of the offenses underlying defendant's convictions. The simple fact that defendant could have broken into an occupied car instead of an unoccupied car is insufficient to invoke this mitigating factor. "The statutory factor in question was not designed to benefit an offender who merely chooses to commit lesser crimes when greater ones are within his grasp." *Id.* at 583, 320 S.E. 2d at 424. Therefore, this Court finds no error.

III.

[3] Defendant contends in his third assignment of error that the sentencing judge erred in refusing to find that at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer, pursuant to N.C.G.S. § 15A-1340.4(a)(2)l.

If substantial, uncontradicted, and credible evidence is presented that defendant's confession was made prior to the issuance of a warrant, or upon the return of an indictment, or prior to arrest, whichever comes first, the sentencing judge must find this factor in mitigation or commit reversible error, even if defendant has not requested this factor be found. *State v. Graham*, 309 N.C. 587, 308 S.E. 2d 311 (1983); *State v. Gardner*, 312 N.C. 70, 320 S.E. 2d 688 (1984).

If defendant's confession was made after indictment, arrest, or issuance of the warrant, or if defendant fails to establish by a preponderance of the evidence when the confession was made, it is "for the . . . [sentencing] judge to decide, in his discretion, whether the statement was made at a sufficiently early stage of the criminal process as to qualify as a mitigating factor." *State v.*

*Hayes*, 314 N.C. 460, 473, 334 S.E. 2d 741, 749 (1985); *State v. Brown*, 314 N.C. 588, 336 S.E. 2d 388 (1985). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E. 2d 829, 833 (1985).

The State's evidence established that defendant, after being stopped by police, confessed to committing other crimes in the Long Beach and Caswell Beach areas. At the time he confessed, defendant gave police a fictitious name, although later he gave police his real name.

No evidence, however, was presented by either the defendant or the State establishing when in the criminal process the confession was made. Therefore, defendant failed to meet his burden of proof and was not entitled to the finding of this factor by right. Instead, the decision was subject to the sentencing judge's discretion.

A review of the record reveals no evidence as to the importance of the confession in investigating and prosecuting this case. For this reason, we decline to say that failure to find this factor in mitigation was so arbitrary it could not have been the result of a reasoned decision. We, therefore, find no error.

IV.

[4] Defendant's fourth assignment of error contends that the sentencing judge erred in failing to find that defendant's limited mental capacity at the time of the commission of the offense significantly reduced his culpability for the offense, pursuant to N.C.G.S. § 15A-1340.4(a)(2)e.

"The phrase 'limited mental capacity' is used in the sense of limited intelligence or low I.Q." *State v. Taylor*, 309 N.C. 570, 579, 308 S.E. 2d 302, 308 (1983).

The only evidence presented as to defendant's intelligence or I.Q. was that defendant had earned an associate degree in mechanical engineering from the University of Kentucky. This evidence is insufficient to support defendant's contention and thus there is no error.

State v. Arnette

V.

Defendant also assigns as error the sentencing judge's failure to find non-statutory mitigating factors. Specifically, defendant contends the sentencing judge erred in refusing to consider that defendant was a long-term drug addict, under the influence of drugs, and stealing to support his habit.

A sentencing judge "is not required to consider whether the evidence supports the existence of non-statutory mitigating factors in the absence of [a] specific request by defense counsel." *State v. Gardner*, 312 N.C. at 73, 320 S.E. 2d at 690.

Even if such a factor is requested,

a trial judge's consideration of a non-statutory factor which is (1) requested by the defendant, (2) proven by uncontradicted, substantial and manifestly credible evidence, and (3) mitigating in effect, is a matter entrusted to the sound discretion of the sentencing judge under N.C.G.S. § 15A-1340.4(a). Thus, his failure to find such a non-statutory mitigating factor will not be disturbed on appeal absent a showing of abuse of discretion.

*State v. Spears*, 314 N.C. 319, 322-23, 333 S.E. 2d 242, 244 (1985).

At the sentencing hearing, defendant offered evidence of his drug addiction only as a basis for the finding of statutory mitigating factors.

In defendant's memorandum in support of his motion for appropriate relief defendant argued "that, with respect to his long-term drug addiction, that the same should mitigate his sentence in these matters and that the Court should have taken drug addiction into account as a sickness in imposing a just sentence in these matters." Even if this statement could be construed as a request for a finding of a non-statutory mitigating factor, the decision would still be subject to the sentencing judge's discretion. There is no evidence in the record showing any abuse of discretion. Accordingly, this Court finds no error and concludes that the sentencing judge properly found that there were no factors in mitigation of defendant's sentence.

## VI.

Finally defendant assigns as error the denial of his motion for appropriate relief, contending that the sentence imposed was not supported by the evidence introduced at the sentencing hearing, pursuant to N.C.G.S. § 15A-1414(b)(4).

As a post trial motion, the disposition of a motion for appropriate relief is subject to the sentencing judge's discretion and will not be overturned absent a showing of abuse of discretion. *State v. Clark*, 65 N.C. App. 286, 308 S.E. 2d 913 (1983), *disc. rev. denied*, 310 N.C. 627, 315 S.E. 2d 693 (1984).

Defendant puts forth the same basic arguments in his motion for appropriate relief, as those presented at the sentencing hearing. He contends he is entitled to a reduced sentence because of his drug addiction and because he committed only nonviolent property crimes. As previously discussed, the sentencing judge's decision to not consider such factors in mitigation of defendant's sentences was proper. Therefore, this Court finds no error in the sentencing judge's denial of the motion for appropriate relief.

As to defendant's other assignments of error, this Court finds they are without merit and concludes that defendant received a fair sentencing hearing and that the motion for appropriate relief was properly denied.

No error.

Judges ARNOLD and PHILLIPS concur.