STATE OF NORTH CAROLINA v. ERNEST JOHN MARINO

No. 8912SC743

(Filed 5 December 1989)

1. **Criminal Law § 536 (NCI4th)— defendant's outburst—misconduct not prejudicial to defendant**

    The trial court did not abuse its discretion in denying defendant's motion for mistrial based on his contention that the jury was prejudiced by his own intemperate and profane outburst, since defendant could not be heard to complain of his own misconduct, and evidence of his guilt was so overwhelming that it was unlikely that his outburst prevented him from receiving a fair and impartial verdict.

    **Am Jur 2d, Criminal Law § 293.**

2. **Criminal Law § 1227 (NCI4th)— drug habit—no mitigating factor of mental or physical condition reducing culpability**

    The trial court did not err in failing to find as a statutory mitigating factor that defendant was suffering from a mental or physical condition which reduced his culpability in that he had a drug habit requiring him to steal in order to support the habit and that he had endocarditis.

    **Am Jur 2d, Criminal Law §§ 527, 599.**

APPEAL by defendant from *Britt, Joe Freeman, Judge.* Judgments entered 8 February 1989 in CUMBERLAND County Superior Court. Heard in the Court of Appeals 13 November 1989.

Defendant was indicted and convicted of felonious breaking or entering and felonious larceny. He was sentenced to consecutive terms of imprisonment of ten years for felonious breaking or entering and eight years for felonious larceny. Both sentences exceeded the presumptive terms.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Teresa L. White, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Teresa A. McHugh, for defendant-appellant.*

WELLS, Judge.

At trial while defendant's mother was testifying for the defense, defendant engaged in an intemperate and profane outburst. During the defendant's misconduct, the trial court excused the jury, but defendant's misconduct continued briefly. Following a bench conference, defendant moved for a mistrial, asserting his own misconduct as the basis for his motion. The trial court denied his motion.

[1] Defendant's first assignment of error is to the denial of his motion for a mistrial. The decision whether or not to grant a mistrial is within the sound discretion of the trial judge. *State v. Calloway*, 305 N.C. 747, 291 S.E.2d 622 (1982). A mistrial is appropriate only when there are such serious improprieties as to make it impossible for a fair and impartial verdict to be rendered. *Id.*

Defendant argues that the trial court's ruling was based upon an erroneous recollection of the facts in that the jurors were present and did hear at least some of the profane outburst. The record, however, shows that the court stated it would probably deny the motion even if the jurors were present and heard the entire outburst.

We cannot say that the court abused its discretion in denying the motion. If defendant was prejudiced in the eyes of the jury by his own misconduct, he cannot be heard to complain. In addition, the evidence of defendant's guilt was overwhelming and it is unlikely that the outburst prevented him from receiving a fair and impartial verdict. *State v. Blackstock*, 314 N.C. 232, 333 S.E.2d 245 (1985).

[2] Defendant also contends that the court erred in failing to find as a statutory mitigating factor that defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but which significantly reduced his culpability for the offense. He argues the evidence was uncontradicted that he had a drug habit requiring him to steal in order to support the habit and that he suffered from endocarditis. Although the evidence may have shown that defendant did have these conditions, no evidence was presented to show that his culpability for the offenses was reduced by these conditions. The court therefore properly refused to make the finding. *State v. Arnette*, 85 N.C. App. 492, 355 S.E.2d 498 (1987); *State v. Grier*, 70 N.C. App. 40, 318 S.E.2d 889 (1984), *cert. denied*, 318 N.C. 698, 350 S.E.2d 860 (1986).

On the errors assigned we find

No error.

Judges PARKER and GREENE concur.