STATE OF NORTH CAROLINA v. MARK A. SPEARS

No. 622A84

(Filed 13 August 1985)

1. **Criminal Law § 138.42— sentencing—necessity for finding non-statutory mitigating factor**

   Although failure to find a statutory mitigating factor supported by uncontradicted, substantial and manifestly credible evidence is reversible error, a trial judge's consideration of a non-statutory factor which is (1) requested by defendant, (2) proven by uncontradicted, substantial and manifestly credible evidence, and (3) mitigating in effect is a matter entrusted to the sound discretion of the sentencing judge under G.S. 15A-1340.4(a), and his failure to find such a non-statutory mitigating factor will not be disturbed on appeal absent a showing of abuse of discretion.

2. **Criminal Law § 138.42— defendant's aid to victim—failure to find as mitigating factor**

   In sentencing defendant for assault with a deadly weapon inflicting serious injury, the trial court did not abuse its discretion in failing to find as a non-statutory mitigating factor that defendant rendered aid to his victim where defendant's testimony unequivocally showed that defendant's decision to take the victim to a medical facility was motivated by a purely selfish concern about the effect of her possible death on his ultimate punishment and that remorse played little role in his decision to aid the victim.

BEFORE *Britt, J.,* at the 5 October 1983 Session of Superior Court, CUMBERLAND County, defendant was convicted of assault with a deadly weapon inflicting serious injury and was sentenced to ten years imprisonment. Defendant appeals as of right from the decision of the Court of Appeals, one judge dissenting, affirming his conviction and sentence. N.C.G.S. § 7A-27(a).

*Lacy H. Thornburg, Attorney General, by Michael Smith, Associate Attorney, for the State.*

*Adam Stein, Appellate Defender, by Robin E. Hudson, Assistant Appellate Defender, for defendant-appellant.*

MEYER, Justice.

The sole question presented for review is whether defendant is entitled to a new sentencing hearing by virtue of the trial judge's failure to find as a non-statutory mitigating factor that the defendant rendered aid to his victim. Because defendant has not demonstrated that the trial judge abused his discretion in failing to find this non-statutory factor in mitigation of defendant's sentence, we find no error.

At trial, the witnesses for both the State and the defense testified that the defendant and two female companions, Kathy Williams and Judy Gibson, drove around together on the afternoon of 19 November 1982, drinking beer and smoking marijuana. After riding for awhile, the three went to a wooded area in order to continue these activities. The State's witnesses testified that as they were preparing to leave the wooded area, the defendant pulled out a shotgun and attempted to sexually assault one of the women. Both women testified that as they tried to run away, the defendant shot Judy Gibson and then struck her with the shotgun. Defendant, on the other hand, testified that the gun went off during a struggle with Ms. Gibson, that Ms. Gibson then came at him with a knife, that he hit her hard with the butt of the gun, and that she fell to the ground. Defendant then placed Gibson in his truck and took her to the Urgent Care Center. Defendant placed Ms. Gibson by the door, knocked on it, and left.

Dr. Menno Pennink testified that the victim was found on the steps of the Urgent Care Center. The medical records indicated that the victim was found bleeding from the head and was in hy-

povolemic shock. Because of the extent of her injuries Ms. Gibson was transported to the emergency room of Cape Fear Valley Hospital and underwent surgery for skull fractures and extensive scalp lacerations. After the verdict, defense counsel requested that the trial judge find as a factor in mitigation of sentence that after the assault, defendant took Ms. Gibson from the woods to the Clinic for treatment of her injuries. The trial judge refused to find the mitigating factor submitted by the defendant.

The presumptive sentence for assault with a deadly weapon inflicting serious injury, a Class H felony, is three years. N.C.G.S. § 15A-1340.4(f)(6). At the sentencing hearing, the trial judge found one aggravating factor (prior convictions punishable by more than sixty days' confinement) and no mitigating factors. After concluding that the aggravating factors outweighed the mitigating factors, N.C.G.S. § 15A-1340.4(b), the trial judge sentenced defendant to the maximum ten year prison term. N.C.G.S. § 14-1.1(a)(8).

In order for the trial court to impose a sentence greater than the presumptive term, the trial judge must make written findings of aggravating and mitigating factors. N.C.G.S. § 15A-1340.4(b). The trial judge must specifically list in the record each matter in aggravation or mitigation that he finds proved by a preponderance of the evidence. *Id.*

N.C.G.S. § 15A-1340.4(a) specifically provides that, in determining factors in aggravation and mitigation, the trial judge "*must* consider" certain factors enumerated in that statute which are commonly referred to as "statutory factors." This Court has clearly established that the sentencing judge has a duty to find a *statutory* mitigating factor when the evidence in support of a factor is uncontradicted, substantial and manifestly credible. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). Even in the absence of a specific request by counsel, the sentencing judge has a duty to examine the evidence to determine if it would support one of the statutorily enumerated factors. *State v. Gardner*, 312 N.C. 70, 320 S.E. 2d 688 (1984).

In contrast, N.C.G.S. § 15A-1340.4(a) provides that the judge "*may* consider any aggravating and mitigating factors that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing, whether or

not such aggravating or mitigating factors are set forth herein. . . ." (Emphasis added.)

Rendering aid to the victim is not a statutory mitigating factor. However, defendant requested that the trial judge make such a finding in mitigation. Defendant argues that once counsel requests that a non-statutory mitigating factor be considered by the trial judge, it should be subject to the same requirements as the statutory factors. That is, if the evidence meets the standards for proof of statutory sentencing factors enunciated by this Court in *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (uncontradicted, substantial and manifestly credible), the trial judge would be required to find the requested non-statutory mitigating factor, and failure to do so would be error requiring resentencing. We do not agree.

The language of N.C.G.S. § 15A-1340.4(a) clearly differentiates between the mandatory consideration of the statutory factors and the permissive consideration of other non-enumerated factors. In *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451, we recognized the permissive nature of this directive and stated that although the defendant had failed to show that he testified truthfully against another felon for the prosecution, the fact that he agreed to testify as part of his plea bargain "may be of some mitigating value should the trial court consider it to be such *as he is permitted but not required to do under N.C.G.S. § 15A-1340.4 (a)." Id.* at 222, 306 S.E. 2d at 456. (Emphasis added.) In addition, in *State v. Gardner*, 312 N.C. 70, 320 S.E. 2d 688, we alluded to the discretionary nature of the non-statutory mitigating factors, noting that unlike the statutory factors, the trial judge is *not required* to consider whether the evidence supports the existence of such factors in the absence of specific requests by defense counsel. *Id.* at 73, 320 S.E. 2d at 690. (Emphasis added.)

[1] Therefore, we hold that although failure to find a *statutory* mitigating factor supported by uncontradicted, substantial and manifestly credible evidence is reversible error, a trial judge's consideration of a non-statutory factor which is (1) requested by the defendant, (2) proven by uncontradicted, substantial and manifestly credible evidence, and (3) mitigating in effect, is a matter entrusted to the sound discretion of the sentencing judge under N.C.G.S. § 15A-1340.4(a). Thus, his failure to find such a non-

statutory mitigating factor will not be disturbed on appeal absent a showing of abuse of discretion.

[2]   Turning next to the question of whether the trial judge abused his discretion in failing to find that defendant's rendering of aid to the victim was a factor in mitigation of his sentence, we find no such abuse demonstrated in the record in this case.

Although we agree with defendant that rendering aid to the victim of the assault has mitigating value, *see State v. Bondurant*, 309 N.C. 674, 309 S.E. 2d 170 (1983), we do not agree with his further assertion that the evidence as to defendant's conduct in this case was such that the trial judge abused his discretion in failing to find such conduct as a mitigating factor. It is noteworthy that in *Bondurant*, a case involving sentencing for a capital offense, we stated that an important factor in finding that the defendant's death sentence was disproportionate was the fact that the defendant had expressed concern for the victim's life or remorse for his action by attempting to secure immediate medical attention for the deceased. *Id.* at 694, 309 S.E. 2d at 182.

In contrast, here defendant's evidence showed, at best, a motivation for rendering aid to his victim, which could be interpreted in two ways: (1) either as concern for his victim's life; or (2) as a purely selfish concern about the effect of her possible death on his ultimate punishment. In explanation of his conduct in taking Ms. Gibson to the Urgent Care Center, defendant testified that following the assault, "I got scared and I thought I had done and killed the girl." He stated further that "[t]hings happened so fast; and once I realized I hurt her that bad, I thought she was going to die and I was scared for myself just as much as for her because, like I say, I'm on probation, and I feel like she was going to die and I wouldn't be able to tell what my story was against her story. . . ."

Thus, while rendering aid to the victim could, in the appropriate case, be considered as a mitigating factor in the sound exercise of the trial judge's discretion, the trial judge in this case did not abuse his discretion in rejecting the submitted factor. The general purposes of sentencing to be considered by the trial judge include giving the defendant the benefit of any factors which tend to "diminish his culpability." N.C.G.S. § 15A-1340.4. The defendant's testimony in this case unequivocally shows that remorse

played little role in his decision to aid Ms. Gibson and that his concern was for his own self-interest. Therefore, although defendant's objective conduct in bringing Ms. Gibson to the Urgent Care Center was commendable, the evidence of his motivation supports the trial judge's discretionary decision not to find in this conduct evidence of diminished culpability on the part of the defendant sufficient to mitigate his sentence.

We note that the legislature has made several additions to the list of statutory factors in mitigation at different times since the Act was established in 1979. *See* 1981 N.C. Sess. Laws ch. 179, sec. 1 (voluntary acknowledgment of wrongdoing), 1983 N.C. Sess. Laws ch. 606, sec. 1 (honorable military discharge). We agree with the dissenting judge on the Court of Appeals that as a policy matter, actions by a defendant in rendering aid to his victim should be encouraged, and that legislative consideration of making such circumstances a statutory mitigating factor would be appropriate. We decline to reach this goal under the guise of judicial construction.

For the foregoing reasons, the Court of Appeals is

Affirmed.