STATE OF NORTH CAROLINA v. EDWARD EARL LLOYD AND ARCHIE GRAY MAY, JR.

No. 873SC442

(Filed 19 April 1988)

1. **Criminal Law § 138.16— aggravating factor of inducing another to participate in murder—sufficiency of evidence**

   Evidence supported the sentencing judge's finding in aggravation that the 26-year-old defendant induced the 16-year-old defendant to participate in the murder with which they were both charged where such evidence tended to show that the adult, after threatening to shoot the victim and getting a gun, told the minor to shoot the victim; and the shooting by the minor did not occur until after the encouragement from the adult. N.C.G.S. § 15A-1340.4(a)(1)(a).

2. **Criminal Law § 138.29— aggravating factor of premeditation and deliberation —sufficiency of evidence**

   Evidence was sufficient to support the sentencing judge's finding of premeditation and deliberation as an aggravating factor for second degree murder to which defendants pled guilty where it tended to show that one defendant threatened to shoot the victim on one other occasion and on the day of the killing again threatened the victim a few minutes prior to the actual shooting; there was no evidence of any provocation on the part of the victim and yet, after seeing the victim, defendant told a friend to go get the gun and procured it himself when the friend refused; the minor defendant aimed the rifle and then killed the victim with one shot to the head after the friend asked him not to shoot; the minor defendant then reloaded the rifle and again aimed at the victim but did not fire the rifle; after the shooting both defendants walked over to the victim where the minor grabbed deceased's head and shook it; and defendants walked away and shook hands.

3. **Criminal Law § 138.29— aggravating factor of premeditation and deliberation—evidence of intoxication insufficient to negate**

   Evidence of intoxication of the defendants was not sufficient to negate the finding of premeditation and deliberation as an aggravating factor for second degree murder where there was evidence that both consumed alcohol and smoked marijuana prior to the killing, but there was no evidence to support a conclusion that either defendant was so intoxicated that he did not know what he was doing.

4. **Criminal Law § 138.15— same evidence not used to support two aggravating factors**

   There was no merit to defendant's contention that the sentencing judge considered the same item of evidence to prove the aggravating factors of inducing another to participate in the crime and premeditation and deliberation in violation of N.C.G.S. § 15A-1340.3(a)(1).

5. **Criminal Law § 138.35— limited mental capacity as mitigating factor—finding not required**

   The sentencing judge was not required to find defendant's limited mental capacity as a mitigating factor where defendant's evidence established that he had well below average intelligence which would impair his ability to handle stressful situations, but evidence of defendant's low intelligence, limited social skills, and limited judgment did not clearly establish that these traits significantly reduced his culpability for the offense under the circumstances present at the time of the shooting. N.C.G.S. § 15A-1340.4(a)(2)(e).

6. **Criminal Law § 138.34— intoxication as mitigating factor—finding not required**

   Even if one defendant was suffering from a mental or physical condition brought about by alcoholic beverages and marijuana, there was no evidence that his culpability for the offense was significantly reduced, and the sentencing judge therefore did not err in failing to find intoxication as a mitigating factor. N.C.G.S. § 15A-1340.4(a)(2)(d).

APPEAL by defendants from *Brown (Frank R.), Judge.* Judgments entered 15 December 1986 in Superior Court, PITT County. Heard in the Court of Appeals 30 September 1987.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Donald W. Laton, for the State.*

*John M. Savage for defendant-appellant Lloyd.*

*Public Defender Robert L. Shoffner, Jr., for defendant-appellant May.*

GREENE, Judge.

This is a criminal case in which defendants were charged with first-degree murder. Defendants pled guilty to second-degree murder and were given active prison sentences of fifty years each. Defendants appeal the imposition of these sentences.

Evidence offered during the sentencing hearing tended to show that defendant Archie Gray May, Jr. (hereinafter "May"), and Eugene Sides (hereinafter "Sides"), both age 16, went to spend the night at the mobile home of May's uncle, defendant Edward Earl Lloyd (hereinafter "Lloyd"), age 26. The mobile home was located next to the residence of the victim, Gray Lineberry. Over the next 1½ to 2 hours, defendants had several drinks of whiskey and smoked three or more marijuana cigarettes. Defendants then walked outside the mobile home with the whiskey. May hid the whiskey near a dog pen and defendant Lloyd looked towards the victim's home and said, "You think you're bad, Gray

[the victim]. I'll shoot you if you come over here." Apparently, the victim began walking towards Lloyd's yard. Lloyd told Sides to get Lloyd's gun but Sides did not do so. Lloyd then went into his mobile home, procured a 22-caliber rifle along with some ammunition, and went back outside. It is unclear who loaded the gun. May walked over to Lloyd and "grabbed" the rifle from Lloyd. Lloyd then told May to shoot the victim "because he's on my property." The victim was standing still somewhere in the area between the residences. May aimed the rifle and then fired, killing the victim with a wound to the head. May reloaded the rifle and aimed it at the victim who was now lying on the ground but did not fire again. May and Lloyd then walked over to the body of the victim where May grabbed the victim's hair and shook his head. The defendants walked back towards Lloyd's mobile home and shook hands. There was also evidence that Lloyd had previous arguments with the victim and on one other occasion in 1983 had threatened to shoot the victim.

Lloyd introduced evidence through a psychiatrist that he had a verbal I.Q. of 70, a performance I.Q. of 79 and a full scale I.Q. of 73. The psychologist classified Lloyd in the borderline range of intellectual functioning between mild mental retardation and well below average. He also testified that Lloyd possessed limited judgment and social skills and "would deal less well with stressful situations than the average person" and the use of alcohol and marijuana "could make it worse."

The sentencing judge found the following factors in aggravation and mitigation:

EDWARD EARL LLOYD

*Aggravating Factors*

The defendant induced another to participate in the commission of the offense.

The defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement.

The murder was committed with premeditation and deliberation.

*Mitigating Factors*

The defendant was suffering from a mental condition that was insufficient to constitute a defense [but] significantly reduced his culpability for the offense.

The defendant was suffering from a physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense.

Prior to arrest, the defendant voluntarily acknowledged wrong-doing in connection with the offense to a law enforcement officer.

The defendant has been a person of good character or has had a good reputation in the community in which he lives.

ARCHIE GRAY MAY JR.

*Aggravating Factors*

The murder was committed with premeditation and deliberation.

*Mitigating Factors*

The defendant has no record of criminal convictions.

The defendant's immaturity at the time of the commission of the offense significantly reduced his culpability for the offense.

Prior to arrest, the defendant voluntarily acknowledged wrong-doing in connection with the offense to a law enforcement officer.

At an early stage of the criminal process, the defendant voluntarily acknowledged wrong-doing in connection with the offense to a law enforcement officer.

The defendant has some limitation of intelectual [sic] ability.

Defendants appeal from the judge's finding of certain factors in aggravation and his failure to find certain factors in mitigation.

---

The issues presented are: I) Whether the evidence supports a finding in aggravation (A) that Lloyd "induced another to par-

ticipate in the commission of the offense" and (B) that defendants committed the murder with premeditation and deliberation; II) whether the evidence required a finding in mitigation (A) that Lloyd had limited mental capacity that significantly reduced his culpability for the offense and (B) that May's use of alcohol and marijuana significantly reduced his culpability for the offense.

## I

In imposing a prison term in excess of the fifteen-year presumptive sentence for the Class C felony of second-degree murder, N.C.G.S. Sec. 15A-1340.4(f)(1) (1983), the sentencing judge must consider the statutory aggravating and mitigating factors set out in N.C.G.S. Sec. 15A-1340.4(a), and may consider other aggravating and mitigating factors if reasonably related to the purposes of sentencing. *State v. Melton*, 307 N.C. 370, 373, 298 S.E. 2d 673, 676 (1983). Each factor must be proved "by a preponderance of the evidence." N.C.G.S. Sec. 15A-1340.4(b). The burden of persuasion on aggravating factors rests with the State. *State v. Jones*, 309 N.C. 214, 219, 306 S.E. 2d 451, 455 (1983). The defendant has the burden of persuasion on mitigating factors. *State v. Taylor*, 309 N.C. 570, 576, 308 S.E. 2d 302, 307 (1983). The sentencing judge must finally find that the factors in aggravation outweigh the factors in mitigation if he imposes a term greater than the presumptive one. *Jones*, 309 N.C. at 219, 306 S.E. 2d at 455. The weight to be attributed to each factor is within the sound discretion of the sentencing judge. *State v. Blackwelder*, 309 N.C. 410, 419, 306 S.E. 2d 783, 790 (1983).

## A

[1] Defendant Lloyd first contends the evidence does not support the sentencing court's finding that he induced May to participate in the murder. Specifically, Lloyd argues May acted independently of anything Lloyd did or said. We disagree.

Section 15A-1340.4(a)(1)(a) provides as an aggravating factor: "The defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants." In defining "induced" as used in the above subsection this Court has stated:

> Induce is defined by Black's Law Dictionary . . . as "[t]o bring on or about, to affect, cause, to influence to an act or

course of conduct, lead by persuasion or reasoning, incite by motives, prevail on. Webster's *New Collegiate Dictionary* . . . similarly defines induce as "to lead on: move by persuasion or influence," to "bring about by influence," and "effect, cause."

*State v. SanMiguel*, 74 N.C. App. 276, 281, 328 S.E. 2d 326, 328 (1985).

The evidence shows that Lloyd, a 26-year-old adult, by his actions and his words influenced May, a 16-year-old minor, to a course of conduct. Lloyd, after threatening to shoot the victim and getting a gun, told May to shoot the victim. The crime did not occur until after the encouragement from Lloyd. This was sufficient to prove by a preponderance of the evidence that defendant induced May to participate in the offense. *See Jones*, 309 N.C. at 223, 306 S.E. 2d at 457. We thus hold the evidence supports the sentencing judge's finding in aggravation that Lloyd induced May to participate in the murder.

B

[2] Defendants next argue there was insufficient evidence to support a nonstatutory finding in aggravation that the murder was committed with premeditation and deliberation. If the sentencing court's finding is supported by the preponderance of the evidence and is reasonably related to the purposes of sentencing, there is no error. N.C.G.S. Sec. 15A-1340.4(a).

When a defendant charged with first-degree murder pleads guilty to second-degree murder, the aggravating factor of premeditation and deliberation is reasonably related to the purposes of sentencing. *State v. Gaynor*, 61 N.C. App. 128, 132, 300 S.E. 2d 260, 262 (1983). No fixed length of time is necessary for a finding of premeditation and deliberation. *State v. Hutchins*, 303 N.C. 321, 344, 279 S.E. 2d 788, 802 (1981). Premeditation means thought before the act for some length of time however short. *Id.* Deliberation "connotes the execution of an intent to kill in a cool state of blood without legal provocation in furtherance of a fixed design" but does not require any applicable length of time for reflection. *Id.*

Premeditation and deliberation are usually proved by circumstantial evidence. Among the circumstances which may tend to prove the killing was with premeditation and deliberation are:

(1) want of provocation on the part of the deceased; (2) the conduct and statements of the defendant before and after the killing; (3) threats and declarations of the defendant before and during the course of the occurrence giving rise to the death of the deceased; (4) ill-will or previous difficulty between the parties; (5) the dealing of lethal blows after the deceased has been felled and rendered helpless; and (6) evidence that the killing was done in a brutal manner.

*State v. Gladden*, 315 N.C. 398, 430-31, 340 S.E. 2d 673, 693 (citations omitted), *cert. denied*, --- U.S. ---, 92 L.Ed. 2d 166 (1986).

The testimony here supports a finding of premeditation and deliberation by the preponderance of the evidence. Defendant Lloyd threatened to shoot the victim on one other occasion and on the day of the killing again threatened the victim a few minutes prior to the actual shooting. There is no evidence of any provocation on the part of the victim and yet after seeing the victim, Lloyd told Sides to get the gun and when he failed to do so, procured it himself.

Defendant May aimed the rifle, and then killed the victim with one shot to the head after Sides asked him not to shoot the victim. May then reloaded the rifle and again aimed at the victim but did not fire the rifle. After the shooting, both defendants walked over to the victim where May grabbed the deceased's head and shook it. Defendants walked away and shook hands.

[3] This evidence was sufficient to support the sentencing judge's finding of premeditation and deliberation as an aggravating factor. The evidence of intoxication of the defendants was not sufficient to negate the finding of premeditation and deliberation. *See State v. McLaughlin*, 286 N.C. 597, 606, 213 S.E. 2d 238, 244 (1975) (a showing of legal intoxication negates premeditation and deliberation), *vacated in part*, 428 U.S. 903, 49 L.Ed. 2d 1208 (1976). The evidence must demonstrate the defendant's mind and reason at the time of the killing is "so completely intoxicated and overthrown as to render him utterly incapable of forming a deliberate and premeditated purpose to kill." *Id.* at 607, 213 S.E. 2d at

244 (quoting *State v. Shelton*, 164 N.C. 513, 520, 79 S.E. 883, 886 (1913)). While there is evidence both defendants consumed alcohol and smoked marijuana prior to the killing, there is no evidence to support a conclusion that either defendant was so intoxicated that he did not know what he was doing.

In addition, since defendant Lloyd's mental incapacity does not rise to the level of legal insanity, it did not negate the finding of premeditation and deliberation. *State v. Carter*, 318 N.C. 487, 492, 349 S.E. 2d 580, 582-83 (1986); *State v. Anderson*, 303 N.C. 185, 200, 278 S.E. 2d 238, 247 (1981). Defendant does not contend his mental incapacity constituted legal insanity at the time of the offense and therefore the judge was not precluded from finding he acted with premeditation and deliberation.

[4] Defendant Lloyd argues the judge considered the same item of evidence to prove both aggravating factors thereby violating Section 15A-1340.3(a)(1) (same item of evidence may not be used to prove more than one factor in aggravation). Specifically, Lloyd argues the only evidence supporting the finding of premeditation and deliberation was Lloyd's statement to May urging him to shoot the victim and that this was also the only item of evidence supporting the inducement factor.

However, as discussed above, there was other evidence besides Lloyd's statement to support both findings. Defendant's plea of guilty does not prevent the trial judge from reviewing all the circumstances surrounding the offense in finding aggravating factors. *State v. Melton*, 307 N.C. 370, 377, 298 S.E. 2d 673, 678 (1982). The evidence of premeditation and deliberation included Lloyd's previous threats, the absence of provocation from the victim, and the handshaking after the shooting. Evidence showing inducement included the procurement of the weapon and the age difference of Lloyd and May. Thus, we conclude there was sufficient evidence separate and apart to support the judge's finding of each factor. *Cf. State v. Avery*, 315 N.C. 1, 35-36, 337 S.E. 2d 786, 806 (1985) (Court held there was sufficient evidence to find aggravating factor that defendant was dangerous and mentally abnormal person separate and apart from evidence which supported finding that defendant engaged in a pattern or course of violent conduct).

Defendant Lloyd also argues the sentencing judge erred by using the same evidence necessary to prove an element of the offense to prove an aggravating factor in violation of Section 15A-1340.4(a)(1). However, Lloyd failed to assign error to this use of the evidence and therefore we do not address this issue. *See* N.C.R. App. P. 10(c) (1986).

## II

Defendants argue the evidence offered required the sentencing judge to find certain factors in mitigation. If a statutory mitigating factor is supported by "uncontradicted, substantial and manifestly credible evidence," the sentencing judge must find the mitigating factor. *State v. Spears*, 314 N.C. 319, 321, 333 S.E. 2d 242, 244 (1985). Consideration of *nonstatutory* mitigating factors requested by defendants and proven by "uncontradicted, substantial and manifestly credible evidence" is a matter "entrusted to the sound discretion of the sentencing judge . . . ." *Id.* at 322, 333 S.E. 2d at 244.

## A

[5] Defendant Lloyd argues the evidence supports a finding in mitigation because he possessed limited mental capacity. N.C.G.S. Sec. 15A-1340.4(a)(2)(e) provides:

> The defendant's immaturity or his limited mental capacity at the time of commission of the offense significantly reduced his culpability for the offense.

"[L]imited mental capacity is defined as a low level of intelligence or I.Q." *State v. Hall*, 85 N.C. App. 447, 454, 355 S.E. 2d 250, 254, *disc. rev. denied*, 320 N.C. 515, 358 S.E. 2d 525 (1987).

The sentencing judge's determination under Section 15A-1340.4(a)(2)(e) is a two-part inquiry: first, whether defendant is of limited mental capacity, and if so, the effect of this limited mental capacity on the defendant's culpability for the offense. *Hall*, 85 N.C. App. at 455, 355 S.E. 2d at 255. The defendant bears the burden of showing that the "evidence so clearly establishes the fact in issue that no reasonable inference to the contrary can be drawn . . . ." *Jones*, 309 N.C. at 220, 306 S.E. 2d at 455 (quoting *North Carolina National Bank v. Burnette*, 297 N.C. 524, 536-37, 256 S.E. 2d 388, 395 (1979) ). Lloyd's evidence established that he

had well below average intelligence which would impair his ability to handle stressful situations. However, the evidence of Lloyd's low intelligence, limited social skills and limited judgment did not clearly establish that these traits significantly reduced his culpability for the offense under the circumstances present at the time of the shooting. *See Hall*, 85 N.C. App. at 455, 355 S.E. 2d at 255. All the evidence indicated the victim was not threatening Lloyd at any time during the events surrounding the shooting, yet Lloyd procured the gun after threatening the victim and specifically told May to shoot the victim. Therefore, the sentencing judge was not required to find defendant's limited mental capacity as a mitigating factor.

B

[6] Defendant May argues his use of alcohol and marijuana prior to the killing was sufficient to support a statutory factor in mitigation pursuant to N.C.G.S. Sec. 15A-1340.4(a)(2)(d) or a nonstatutory factor that "defendant was under the influence of alcoholic beverages and marijuana to such an extent as to significantly reduce his culpability."

N.C.G.S. Sec. 15A-1340.4(a)(2)(d) provides: "The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense."

However, the evidence was conflicting concerning the degree of intoxication of May. An officer testified that May had been drinking but was not "staggering drunk." Even assuming May was suffering from a mental or physical condition brought about by alcoholic beverages and marijuana, there was no evidence that May's culpability for the offense was significantly reduced. *See State v. Upright*, 72 N.C. App. 94, 106, 323 S.E. 2d 479, 487 (1984) (evidence that defendant has been drinking, without more, does not show defendant was so inebriated that his ability to understand the consequences of his actions was impaired), *disc. rev. denied*, 313 N.C. 513, 329 S.E. 2d 400, *cert. denied*, 313 N.C. 610, 332 S.E. 2d 82 (1985). Therefore, the sentencing judge committed no error in failing to find either of the mitigating factors put forward by defendant May.

## III

For the reasons above, we hold there was no error in the sentencing hearing. Likewise, we hold the judge did not abuse his discretion in weighing the aggravating and mitigating factors and arriving at the sentences. *See State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983).

No error.

Judges PHILLIPS and COZORT concur.