STATE v. SMALLWOOD

[112 N.C. App. 76 (1993)]

———————————

STATE OF NORTH CAROLINA v. WILLIE KIMBALL SMALLWOOD, DEFENDANT

No. 916SC1242

(Filed 21 September 1993)

**1. Criminal Law § 1133 (NCI4th)— defendant's inducement of others to commit crime—aggravating factor found—sufficiency of evidence**

Evidence was sufficient to support the trial court's finding as an aggravating factor that defendant induced others to participate in the commission of the offense of trafficking in cocaine where it tended to show that defendant supplied a house with cocaine from the purchases he made in New York; undercover agents purchased cocaine directly from three people in the house, and statements made by those individuals to the agents indicated that they were selling the cocaine for defendant; a typical sale involved an agent conversing with one of the individuals of the household while defendant weighed and bagged the cocaine for sale; and defendant set the price for the crack cocaine. N.C.G.S. § 15A-1340.4(a)(1)(a).

**Am Jur 2d, Criminal Law §§ 598, 599.**

**2. Criminal Law § 1182 (NCI4th)— conviction of crime—statutory aggravating factor found—official court record as basis**

The trial court did not err in finding as a statutory aggravating factor that defendant was convicted of a criminal

STATE v. SMALLWOOD

[112 N.C. App. 76 (1993)]

offense punishable by more than sixty days confinement, and there was no merit to defendant's contention that he was never convicted of the resisting arrest charge because the case was appealed, where the official court record of Bertie County contained no indication that the conviction for resisting arrest was ever appealed to superior court, and defendant denied neither the authenticity nor the correctness of the court record.

**Am Jur 2d, Criminal Law §§ 598, 599.**

3. **Criminal Law § 1269 (NCI4th) — defendant's good reputation in community — failure to find mitigating factor — insufficiency of evidence**

The trial court did not err in failing to find as a mitigating factor for trafficking in cocaine that defendant had a good reputation in the community in which he lived, where defendant's evidence consisted of written letters from individuals and a letter from the Program Supervisor of the prison unit where defendant was incarcerated; the letters which spoke of defendant as "a very good boy" who "got caught up with the wrong people" and who had "had some misfortune" did not go to defendant's character and reputation in the community; there was no opportunity to examine the letter writers to determine their relationship with defendant, how long they knew him, and what they knew about his activities; and it was within the trial court's discretion whether to consider defendant's conduct in prison after conviction and before his resentencing hearing. N.C.G.S. § 15A-1340.4(a)(2)(m).

**Am Jur 2d, Criminal Law §§ 598, 599.**

4. **Criminal Law § 1060 (NCI4th) — sentencing hearing — evidence concerning codefendants — no error**

The trial court did not err at defendant's resentencing hearing in allowing evidence concerning other codefendants, since formal rules of evidence do not apply at sentencing hearings, and the questioned evidence dealt directly with defendant and the circumstances surrounding the crimes of which he was convicted.

**Am Jur 2d, Criminal Law §§ 598, 599.**

STATE v. SMALLWOOD

[112 N.C. App. 76 (1993)]

Appeal by defendant from judgments entered 11 September 1991 by Judge W. Russell Duke, Jr. in Bertie County Superior Court. Heard in the Court of Appeals 2 March 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas G. Meacham, Jr., for the State.*

*Taylor & McLean, by Donnie R. Taylor, for defendant-appellant.*

JOHNSON, Judge.

Defendant, Willie Kimball Smallwood, was indicted by the Bertie County Grand Jury on six counts of trafficking in cocaine in violation of North Carolina General Statutes § 90-95(h)(3)(a)(1) (Cum. Supp. 1992). Defendant pled guilty to four of the trafficking counts and no contest to the other two counts. In the judgment entered 1 June 1990, defendant received the maximum sentence of fifteen (15) years each on five trafficking counts and four and one-half (4½) years on the last count for these Class G felonies. Defendant gave notice of appeal in open court to our Court; the case was remanded for resentencing.

A resentencing hearing was held on 9 September 1991 and from judgment of active sentences in excess of the presumptive term, defendant gave oral and written notice of appeal to this Court.

Evidence presented by the State tended to show that an undercover drug operation conducted by the State Bureau of Investigation (SBI) revealed that drugs were being sold out of a yellow house behind a car wash in Windsor, North Carolina. The testimony of Donald Cowan, Deputy Sheriff of Bertie County, indicated that several cocaine buys were made from this house by undercover law enforcement personnel, and at least two of those buys came directly from defendant. The remaining buys were made from three other individuals, Annetta Pugh and her children George and Angie Pugh, who also resided at the house. Further investigation revealed that it was defendant who supplied those individuals with the drugs to sell.

Special Agent Dwight Ransome of the SBI testified that defendant was one of the largest crack cocaine dealers in Bertie County and that Annetta, George and Angie Pugh (who were subsequently prosecuted and convicted) were selling the crack cocaine for defendant.

STATE v. SMALLWOOD

[112 N.C. App. 76 (1993)]

The State introduced further evidence which showed defendant had a prior conviction of resisting arrest for which defendant received a six month suspended sentence and two years unsupervised probation. Defendant objected to this evidence, contending he was never convicted on the resisting arrest charge. Further, defendant noted the testimony of Deputy Cowan, who was in district court the day defendant was convicted. Deputy Cowan testified it was his "understanding" that notice of appeal was given. However, the official court record, to which defendant stipulated, demonstrated that no appeal was taken from the district court conviction.

Defendant further testified that although present when the undercover agents made the buys, defendant did not actually deliver or sell the cocaine to the officers. Thirteen letters on behalf of defendant's good character were introduced at the resentencing hearing.

[1] By defendant's first assignment of error, defendant contends that the trial court committed reversible error by finding as an aggravating factor that defendant induced others to participate in the commission of the offense. This contention fails.

North Carolina General Statutes § 15A-1340.4(a)(1)(a)-(p) (Cum. Supp. 1992) sets out factors the trial court may find as aggravating. In particular, § 15A-1340.4(a)(1)(a) provides as a factor that "[t]he defendant induced others to participate in the commission of the offense[.] . . ." Defendant argues that the court improperly found this factor in aggravation, and the State offered no evidence in support of this factor. The basis for defendant's argument is that the legislature, by using the word "the" in front of "offense", only intended this factor to apply to instant offenses and not prior or subsequent offenses. Defendant argues that he did not induce anyone to commit the offenses for which he was convicted. On the contrary, we find the record contains more than sufficient evidence to support this finding in aggravation.

In determining whether to impose a prison term in excess of the presumptive sentence for a Class G felony of trafficking in cocaine, "the sentencing judge must consider the statutory aggravating and mitigating factors set out in N.C.G.S. Sec. 15A-1340.4(a), and may consider other aggravating and mitigating factors if reasonably related to the purposes of sentencing." *State v. Lloyd*, 89 N.C. App. 630, 634, 366 S.E.2d 912, 915, *disc. review denied*, 322 N.C. 483, 370 S.E.2d 231 (1988); *State v. Melton*, 307

N.C. 370, 373, 298 S.E.2d 673, 676 (1983). After each factor in aggravation or mitigation has been proven by a preponderance of the evidence, the judge, in his sound discretion, must find that the aggravating factors outweigh the mitigating factors before he can impose a term greater than the presumptive one. *Lloyd*, 89 N.C. App. 630, 366 S.E.2d 912.

Our Court has previously interpreted this particular aggravating factor by first defining the word "induce." In *State v. SanMiguel*, 74 N.C. App. 276, 281, 328 S.E.2d 326, 330 (1985), our Court referred to Black's Law Dictionary .which defined "induce" as "[t]o bring on or about, to affect, cause, to influence to an act or course of conduct, lead by persuasion or reasoning, incite by motives, prevail on."

The evidence shows that defendant "induced" the involvement of Annetta, George and Angie Pugh in the sale and distribution of cocaine. Defendant supplied the house with cocaine from the purchases he made in New York. Undercover agents purchased cocaine directly from Annetta, George and Angie Pugh, and statements made by these individuals to the agents indicated that they were selling the cocaine for defendant. A typical sale involved an agent conversing with one of the three members of the household while defendant weighed and bagged the cocaine for sale. Annetta Pugh told one of the agents that defendant was the one who set the price for the crack cocaine. Clearly, defendant meant to "bring on or about" and "influence" the results of the crack cocaine sales. Accordingly, defendant's contention that he did not induce anyone to commit these trafficking offenses is unfounded.

[2] By defendant's second assignment of error, defendant contends the trial court committed reversible error in finding as a statutory aggravating factor that defendant was convicted of a criminal offense punishable by more than sixty days confinement. We disagree.

Defendant asserts he was never convicted of the resisting arrest charge because the case was appealed. Evidence of this was presented through defendant's testimony that he had not been convicted of anything, and through Deputy Cowan's testimony that on the day defendant was convicted it was his "understanding" that notice of appeal was given. However, the State presented evidence from the official court record that no appeal was taken.

## STATE v. SMALLWOOD

[112 N.C. App. 76 (1993)]

In support of his argument, defendant relies on *State v. Potts*, 65 N.C. App. 101, 308 S.E.2d 754 (1983), *disc. review denied*, 311 N.C. 406, 319 S.E.2d 278 (1984), which requires the trial court to find aggravating and mitigating factors proved by "uncontradicted and manifestly credible evidence." Our Supreme Court gave guidance in the determination of credibility of evidence in *State v. Jones*, 309 N.C. 214, 306 S.E.2d 451 (1983), *appeal after remand*, 314 N.C. 644, 336 S.E.2d 385 (1985). In *Jones*, the Court stated it was error for a judge to "fail[ ] to find a statutory factor when evidence of its existence is both uncontradicted and manifestly credible." *Id.* at 309 N.C. 220, 306 S.E.2d 456. Conversely, it would be error for a judge to find a statutory factor when it is not supported by uncontradicted and manifestly credible evidence. The Court further explained that uncontradicted evidence can more easily be determined from the record on appeal than can manifestly credible evidence. The Court noted that credibility is manifest in the instance "where the controlling evidence has been documented and the defending party does not deny the authenticity or correctness of the documents." *Id.*

In the case *sub judice*, evidence of the conviction is presented in the official court record of Bertie County. Defendant denies neither the authenticity nor the correctness of this document. In fact, defendant stipulated that the "shuck" was the official court record which contained no indication that the conviction was ever appealed to superior court. North Carolina General Statutes § 15A-1340.4(e) (Cum. Supp. 1992) states in pertinent part that "the original . . . court record . . . shall be prima facie evidence of the facts set out therein." Therefore, the trial court's reliance on the official court record, which showed a prior conviction punishable by more than 60 days confinement, was not prejudicial error.

Defendant further contends that the testimony of Deputy Cowan is sufficient to disprove the prior conviction because Deputy Cowan testified that he was in the district court on the date defendant gave notice of appeal and that it was the Deputy's "understanding" that defendant had appealed. Defendant relies on *State v. Carter*, 318 N.C. 487, 349 S.E.2d 580 (1986), which recognized that a law enforcement officer's testimony as to his personal knowledge of a prior conviction is sufficient proof of the conviction. Defendant argues that, conversely, a prior conviction should be able to be disproved by an officer's testimony.

Although we recognize that a law enforcement officer's testimony as to his personal knowledge of a prior conviction is sufficient proof of the conviction, we note that there are also methods of proof enumerated by statute. *See* North Carolina General Statutes § 15A-1340.4(e) (1988), which reads "[a] prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction."

In the instant case, evidence of defendant's prior convictions was presented in a form authorized by statute, the official court record, stipulated to by defendant. As noted earlier, the controlling evidence (the court record) has been documented and the defending party has not denied the authenticity or correctness of this document. Further, we note that on the court record, there is a box to be marked to indicate that "[t]he defendant gives notice of appeal from the judgment of the District Court to the Superior Court", and that this box has not been marked. We also question why this "notice of appeal" which never developed was not questioned by defendant (or his counsel at the district court conviction) earlier. Therefore, we find the evidence to be sufficient that the trial court did not err in finding the prior conviction as an aggravating factor.

[3] By defendant's third assignment of error, defendant contends the trial court committed reversible error in failing to find as a mitigating factor that defendant has a good reputation in the community in which he lives. North Carolina General Statutes § 15A-1340.4(a)(2)(m) (Cum. Supp. 1992). Defendant's evidence consisted of written letters from signed individuals and a letter from the Program Supervisor of the prison unit where defendant is incarcerated.

In *State v. Blackwelder*, 309 N.C. 410, 306 S.E.2d 783 (1983), the defendant argued that the trial court failed to find as a mitigating factor that the defendant had a good reputation in the community in which he lived. The defendant's evidence in *Blackwelder* was in the form of numerous live witnesses who testified that the defendant always paid his bills and that defendant did not get violent when he had been drinking. The Court opined:

> [T]he testimony, taken in its entirety, simply failed to prove by a preponderance of the evidence the existence of this factor—that defendant has been a person of good character or has had a good reputation in the community. The failure here is on the part of the defendant in attempting to substitute

the quantity of the evidence for the quality of the evidence. . . . [U]ncontradicted, quantitatively substantial, and credible evidence may simply fail to establish, by a preponderance of the evidence, any given factor in aggravation or mitigation.

*Id.* at 419, 306 S.E.2d at 789. We find the same result on our case herein. Defendant presented numerous letters from various persons stating defendant was "a very respectable person all his life," that "he has had some misfortune," that he was known as "a very good boy," that "he got caught up with the wrong people," and so on. These statements simply do not go to defendant's character and reputation in the community. Further, there was no opportunity to examine these persons to determine their relationship with defendant, how long they knew defendant, and what they knew about defendant's activities.

Additionally, the trial court did not err in not finding as a non-statutory factor the letter as to defendant's character from defendant's Program Supervisor at Washington Correctional Center. "[A] trial court may, in its discretion and upon proper proof, consider a defendant's conduct while in prison during the interval between his initial incarceration after conviction and any resentencing hearing in setting his new term of imprisonment." *State v. Swimm*, 316 N.C. 24, 32-33, 340 S.E.2d 65, 71 (1986). We find no abuse of discretion by the trial judge as to this finding.

[4] By defendant's last assignment of error, defendant contends the trial court committed reversible error in allowing irrelevant and prejudicial evidence concerning other co-defendants. We note that formal rules of evidence do not apply at sentencing hearings. North Carolina General Statutes § 15A-1334(b) (1988). Because we find this evidence dealt directly with defendant and the circumstances surrounding the crimes of which he was convicted, we find this argument is without merit.

The decision of the trial court is affirmed.

Judges LEWIS and JOHN concur.