STATE OF NORTH CAROLINA v. WALTER EUGENE SPINKS, JR.

No. 7415SC857

(Filed 5 February 1975)

1. **Indictment and Warrant § 5— failure to sign bill of indictment — signature on report — error amendable**

    The report of the grand jury, signed by the foreman, in which was listed the bill against defendant as having been returned a true bill charging a non-capital felony, rendered the failure to sign the bill itself amendable, and the trial court properly denied defendant's motion to quash the indictment.

State v. Spinks

2. **Criminal Law § 99— questioning witness by judge — no expression of opinion**

   Trial court's question put to two State's witnesses for the purpose of clarifying their testimony did not prejudice defendant.

3. **Criminal Law § 95— limiting instructions — necessity before testimony given and in charge**

   Defendant was not prejudiced where the trial court gave a limiting instruction following a witness's corroborating testimony but failed to give such instruction before admitting the testimony and failed to repeat the instruction in the charge.

APPEAL by defendant from *Clark, Judge*, 20 May 1974 Session of Superior Court held in CHATHAM County. Heard in the Court of Appeals 14 January 1975.

Defendant was charged in a bill of indictment, proper in form, with the felony of armed robbery.

The State's evidence tended to show that defendant, along with one Raeford and Black, robbed Henry Kimbrell of $2,502.00 and that Black used a pistol to threaten and endanger the life of the victim. Raeford testified for the State and fully implicated Black and defendant along with himself.

Defendant's evidence tended to show that defendant did not participate in the robbery and that Raeford's testimony was given upon promise of a light sentence for his part in the robbery.

The jury found defendant guilty as charged.

*Attorney General Edmisten, by Associate Attorney Wallace, for the State.*

*Gunn & Messick, by Robert Gunn and Paul Messick, for the defendant-appellant.*

BROCK, Chief Judge.

[1] Defendant assigns as error that the trial judge denied his motion to quash the indictment for failure of the foreman of the grand jury to sign it.

A hearing was held upon defendant's motion to quash. The evidence on this hearing tended to show that the grand jury examined two of the State's witnesses and voted a true bill; that the foreman marked the witnesses examined but inadvertently failed to sign the bill; and that the report of the grand

jury for the session, signed by the foreman, listed the bill against defendant as having been found a true bill. The judge found facts substantially as the evidence tended to show and permitted the former foreman to sign the bill in open court. The report of the grand jury, signed by the foreman, in which was listed the bill against defendant as having been returned a true bill charging a non-capital felony, rendered the failure to sign the bill itself amendable. *See generally State v. Cox,* 280 N.C. 689, 187 S.E. 2d 1; *State v. Avant,* 202 N.C. 680, 163 S.E. 806; *State v. Reep,* 12 N.C. App. 125, 182 S.E. 2d 623; 41 Am. Jur. 2d *Indictments and Informations* § 54 (1968). This assignment of error is overruled.

[2]   Defendant contends that the trial judge violated G.S. 1-180 when, during the testimony of the State's witness Henry Kimbrell, he said: "Let me ask you this for clarification, you say 'they left' you have mentioned two, I believe, William Black, and you said something about a fellow named Raeford?" The witness had not identified Raeford in his testimony, although he had testified that "they" (defendant, Black, and Raeford) had robbed him. Defendant argues that the trial judge's question improperly suggested the identification of Raeford, who followed Kimbrell to the stand as a witness for the State. We do not believe that the question prejudiced defendant for two reasons: first, the trial judge did not refer to defendant, and second, Raeford admitted that he participated in the robbery with defendant and Black. While we do not believe there was error in propounding this question, if error exists, it is harmless.

Defendant similarly contends that several questions asked by the trial judge of the witness Raeford for the purpose of clarification "went beyond mere clarification" and invaded the province of the jury. It is clear that the "criterion for determining whether the trial judge deprived an accused of his right to a fair trial by improper comments or remarks in the hearing of the jury is the probable effect upon the jury, and in applying this test, the utterance of the judge is to be considered in the light of the circumstances under which it was made." 2 Strong, N. C. Index 2d, Criminal Law, § 99 (Supp. 1974). It is well established that a trial judge may propound competent questions in order to clarify a witness' testimony. We fail to see how the trial judge's questions in the case at bar, propounded solely for the purpose of clarification, prejudiced defendant or deprived him of his right to a fair trial. This assignment of error is overruled.

[3] After the witness Raeford testified, the State's witness Brown testified, for the purpose of corroboration, to a prior consistent statement of Raeford's. Following the admission of this statement, the trial judge gave a limiting instruction. Defendant argues that the trial judge erred in failing to give a limiting instruction before admitting the statement and in failing to repeat the instruction in the charge. While it may be a better practice to give such a limiting instruction before the evidence is admitted, we see no prejudice to defendant in the procedure followed in this case. Furthermore, the fact that the limiting instruction was not repeated in the charge is not error in the absence of a request for a special instruction. 1 Stansbury, N. C. Evidence, § 52 (Brandis Revision, 1973); 3 Strong, N. C. Index 2d, Criminal Law, § 113 (1967). This assignment of error is overruled.

Finally, defendant contends that the trial judge erred in his charge to the jury. We have reviewed the charge and find that it sufficiently applied the law to the facts of the case.

In our opinion defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and HEDRICK concur.