STATE OF NORTH CAROLINA v. ROYSTON D. BLANDFORD, III

No. 834SC108

(Filed 7 February 1984)

1. **Conspiracy § 3— sentencing for conspiracy—co-defendants not then under indictment**
   The trial court was not precluded from sentencing defendant on his plea of guilty to a charge of conspiracy to sell and deliver cocaine because his two co-defendants were not charged with and had not been convicted of conspiracy at the time of sentencing, particularly where the State was proceeding as quickly as possible against the co-defendants and ultimately obtained convictions against them.

2. **Criminal Law § 23.1— factual basis for guilty plea—silence of record**
   It will be presumed that the trial court determined that there was a factual basis for defendant's plea of guilty where the record on appeal does not contain a transcript of the proceedings at which the plea was accepted, and the

State v. Blandford

prosecutor's statement at the sentencing hearing indicates that the State did have sufficient evidence to support its case.

**3. Criminal Law § 23.4 — denial of motion to withdraw guilty plea — necessity for findings**

The trial court is required to make findings of fact in denying a motion to withdraw a guilty plea only where an evidentiary hearing is necessary or where constitutional violations are asserted. G.S. 15A-1420(c).

**4. Criminal Law § 138 — denial of continuance of sentencing hearing**

The trial court did not abuse its discretion in denying defendant's motion to continue his sentencing hearing. G.S. 15A-1334(a).

APPEAL by defendant from *Small, Judge.* Judgment entered 27 September 1982, in Superior Court, ONSLOW County. Heard in the Court of Appeals 17 October 1983.

Defendant was indicted for conspiracy to traffic in cocaine and felonious possession of more than one gram of cocaine. The record discloses that a police informant had arranged to buy cocaine from defendant at a location in Onslow County, but defendant refused to turn the drugs over until paid. He told the informant they were in another vehicle. Defendant drove off; the informant alerted waiting officers as to the location of the drugs. After a high speed chase of the vehicle purportedly containing the drugs, officers apprehended the two occupants in Jones County and found cocaine in their vehicle. All three men were indicted in Jones County. Later, the Jones County indictments were dismissed and the three were indicted for the subject offenses in Onslow County. Defendant entered a plea of guilty to a charge of felonious conspiracy to sell and deliver cocaine on 25 August 1982. On 15 September 1982, before defendant's sentencing, the Onslow County indictments against the co-defendants were dismissed on the grounds that Jones County had exclusive jurisdiction over the matter. At the scheduled sentencing hearing on 27 September 1982, defendant filed a motion for appropriate relief to withdraw his plea and dismiss the charges. The court denied his motion and sentenced defendant to the presumptive term of three years.

The co-defendants were reindicted at the next criminal session of Superior Court, Jones County, in November 1982, and thereupon entered pleas of guilty to lesser offenses. Defendant appeals from the denial of his motion for appropriate relief.

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Norman B. Kellum, Jr. and Robert S. Pierce, for defendant appellant.*

JOHNSON, Judge.

[1] Defendant's primary contention is that since at the time of his sentencing his co-defendants were neither charged with nor convicted of conspiracy, the court could not lawfully sentence him on his plea of guilty to the conspiracy charge. Therefore, he argues, it erred in refusing to allow him to withdraw his plea. He relies on *State v. Littlejohn*, 264 N.C. 571, 142 S.E. 2d 132 (1965) for the proposition that at least two persons must be convicted of conspiracy, otherwise all must be acquitted. However, *Littlejohn* requires only that where co-defendants are tried together and all but one are acquitted, then that one cannot be convicted of conspiracy solely on his own admission. The Supreme Court took care to make clear that circumstances could arise under which a single defendant may be convicted of conspiracy. *Id.* at 574, 142 S.E. 2d at 135. We believe this is such a circumstance; under the unusual procedural facts of the case, the State was proceeding as quickly as possible against the co-defendants and ultimately obtained convictions. No finding of fact tantamount to a jury's acquittal ever was made with respect to them. Therefore, withdrawal of the plea was not required. We also note that the great weight of authority supports our holding. *See* Annot., 19 A.L.R. 4th 192, 211-24 (1983). Furthermore, withdrawal of a plea of guilty after its acceptance by the court is not a matter of right, but is addressed to the sound discretion of the trial court. *State v. Wynn*, 278 N.C. 513, 180 S.E. 2d 135 (1971); *State v. Elledge*, 13 N.C. App. 462, 186 S.E. 2d 192 (1972). Under the circumstances of the case, it is clear that the court did not abuse its discretion.

[2] Defendant alleges various evidentiary failings. G.S. § 15A-1022(c) does require the court to determine that there is a factual basis for the plea. The record on appeal does not contain a transcript of the proceedings at which the court accepted the plea on 25 August 1982. However, the hearing on the judgment conducted 27 September 1982 indirectly indicates that the court found a factual basis for the entry of the plea. To raise the issue of the suffi-

ciency of the evidence to support that finding on appeal, defendant must preserve the record for appeal. Where the record is silent we will presume the trial court acted correctly. *State v. Fennell,* 307 N.C. 258, 297 S.E. 2d 393 (1982). The prosecutor's statement at the sentencing hearing indicates that the State did have sufficient evidence to support its case. We find no error.

[3] Defendant next contends the court erred in not making findings of fact in denying his motion to withdraw the plea. G.S. § 15A-1420(c) clearly requires such findings only where an evidentiary hearing is necessary or where constitutional violations are asserted. Such is not the case here.

[4] Defendant also contends that the court erred by denying his motion to continue the sentencing hearing. Such a motion is addressed to the discretion of the trial judge who may grant it on good cause. G.S. § 15A-1334(a); *State v. McLaurin,* 41 N.C. App. 552, 255 S.E. 2d 299 (1979), *cert. denied,* 300 N.C. 560, 270 S.E. 2d 113 (1980). We agree with the trial court that defendant had ample notice of the scheduled sentencing hearing, but tried instead to turn it into a hearing on his motion to withdraw the plea filed at the beginning of the hearing. The court did not abuse its discretion in denying a continuance.

Defendant has brought forward several other assignments of error, but we find them also to be without merit. We conclude that the proceedings below were free from prejudicial error, and that the court's order must therefore be

Affirmed.

Chief Judge VAUGHN and Judge WELLS concur.