STATE OF NORTH CAROLINA v. GREGORY COLVIN

No. 8813SC268

(Filed 6 December 1988)

**1. Criminal Law § 92.3— assault, robbery and conspiracy—motion to sever charges denied—no error**

The trial court did not err by denying defendant's pretrial motion to sever charges of assault from charges of robbery and conspiracy where defendant did not renew his pretrial motion before or after the close of all the evidence and thereby waived any right to a severance; moreover, defendant did not show that the court abused its discretion. N.C.G.S. § 15A-927(a)(2).

**2. Grand Jury § 3.3; Criminal Law § 91.1— denial of continuance—investigation of racial discrimination of grand juries in Bladen County—no error**

The trial court did not err in a prosecution for conspiracy, robbery, and assault by denying defendant's motion for a continuance to investigate the constitutionality of the indictment in Bladen County based on the information and belief that grand juries in Bladen County have had only one black foreman in the last forty years. Although it is unclear whether the court treated this as a motion for a continuance or as a challenge to the indictment, in either case the motion was not timely made. N.C.G.S. § 15A-952.

**3. Indictment and Warrant § 12.2— unsigned indictment—State permitted to amend—no error**

The trial court did not err in a prosecution for conspiracy, armed robbery, and assault by permitting the State to amend an unsigned indictment by the addition of the signature of the grand jury foreman.

**4. Criminal Law § 75— incriminating written statement—properly admitted**

The trial court did not err in a prosecution for conspiracy, robbery, and assault by denying defendant's motion to suppress an incriminating written statement on the grounds that it was obtained under duress, that the statement was not in the words of defendant, and that the defendant did not initial the bottom of each page.

**5. Criminal Law §§ 73.3, 34.8— testimony concerning prior offense—admissible**

The trial court did not err in a prosecution for conspiracy, robbery, and assault by denying defendant's objections to testimony concerning a prior bank robbery where the evidence was relevant because defendant's statement indicated that money from the robbery was used to buy walkie-talkies, ski masks

State v. Colvin

and shotguns for the robbery in this case, and because of the similarities in the robberies.

**6. Criminal Law § 73.2— testimony of investigator—not hearsay**

In a prosecution for conspiracy, robbery, and assault, the testimony of a sheriff's department investigator as to why he returned to the vicinity of the crime scene with another participant in the crimes was a statement of fact and did not amount to hearsay.

**7. Searches and Seizures § 23— search warrant—affidavit sufficient to provide probable cause—items not specifically described in warrant**

The trial court did not err in a prosecution for conspiracy, robbery, and assault by denying defendant's motion to suppress tangible evidence because the affidavit supporting the search warrant did not provide probable cause and the items seized were not specifically set out in the warrant where the affidavit clearly stated that the residence to be searched was occupied by defendant and his brothers, that witnesses had identified one of defendant's brothers, and that a reliable informant had stated that a shotgun was at the residence; and the only piece of evidence seized pursuant to the warrant and introduced at trial was a "green zip up bag," where the warrant had specified a "green bank bag" and defendant conceded that the bags are "similar." Moreover, the bag was properly seized as an instrumentality of the crime found during a lawful search.

**8. Criminal Law § 101.4— jury deliberations—request to review evidence—communication by court by means of notes to jury—no prejudice**

There was no prejudice in a prosecution for conspiracy, robbery and assault from the trial court's communicating with the jury by means of notes where the jury had sent notes to the trial judge requesting certain evidence to review. The judge did not communicate with less than all of the jurors, so that there was no constitutional violation, and defendant did not meet his burden of showing that, absent error, there was a reasonable possibility that a different result would have been reached. Art. I, § 24 of the North Carolina Constitution, N.C.G.S. § 15A-1233(a), N.C.G.S. § 15A-1443(a).

**9. Criminal Law § 138.30— mitigating factors not found—no error**

The trial court did not err in a prosecution for conspiracy, robbery, and assault by not finding the mitigating factors of passive participation in the crimes, age and immaturity, caution exercised to avoid bodily harm, and voluntary acknowledgment of wrongdoing where the evidence clearly showed that defendant was more than a passive participant in the crimes in that he was actually the leader of the operation; age alone is not adequate to show that immaturity sufficiently reduced culpability; defendant's failure to shoot officers when he had the opportunity does not amount to caution exercised to avoid bodily harm; and defendant's contention that he acknowledged wrongdoing at an early stage of the criminal process was not raised at the sentencing hearing and the trial court did not abuse its discretion in not finding the factor because defendant only admitted wrongdoing after his arrest.

**10. Criminal Law §§ 138, 138.2— refusal to continue sentencing hearing—consecutive sentences—sentences within statutory maximum—not cruel and unusual punishment**

   The trial court did not abuse its discretion, and defendant's sentences for conspiracy, robbery, and assault were not cruel and unusual, where the trial court refused to defer sentencing and imposed consecutive sentences following another prison term for another armed robbery conviction.

APPEAL by defendant from *Hight, Judge*. Judgments entered 29 October 1987 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 24 October 1988.

This is a criminal action wherein defendant was charged in proper bills of indictment with (1) conspiracy to commit robbery with a dangerous weapon, (2) robbery with a dangerous weapon of United Carolina Bank of Tarheel, in violation of G.S. 14-87, (3) assault with a deadly weapon on R. H. Herring, a law enforcement officer, in violation of G.S. 14-34.2, (4) assault with a deadly weapon on M. W. Lowder, a law enforcement officer, in violation of G.S. 14-34.2, and (5) assault with a deadly weapon on Phillip Little, a law enforcement officer, in violation of G.S. 14-34.2.

Evidence offered at trial tends to show: On 24 February 1986, two men with their faces covered and with sawed-off shotguns entered United Carolina Bank in Tarheel. One of the employees of the bank recognized the voice of one of the men as that of Sam Colvin, defendant's brother. Before the robbery, a bank employee had noticed a green car driving slowly up and down on the road behind the bank.

When investigators went to the residence of defendant, they observed a green car in the yard. On 25 February, the police arrested John Carthens in connection with the robbery. He admitted his involvement in the robbery and told the police that defendant had told him and Sam Colvin how and when they were to rob the bank. Defendant had taken them to an unoccupied house behind the bank and then told them when to enter the bank by communication with a walkie-talkie.

Detective Little of the Bladen County Sheriff's Department arrested defendant at his residence. While in custody at the police station, defendant executed a waiver of rights form and made an inculpatory statement to Detective Little. Detective Little wrote down the statement, and after reading it, defendant signed

it. Detective Little and State Bureau of Investigation Agent M. W. Lowder then took defendant to his residence. Two deputies were also present at defendant's residence. Defendant led the officers to an abandoned car where he pulled a walkie-talkie out from under a wheel well. He told the officers it was used in the robbery. He then reached under the wheel well and pulled out a .22 caliber pistol which he pointed at the officers. A scuffle ensued, and Agent Lowder shot defendant twice in his right elbow.

Defendant was found guilty as charged on all offenses and appealed from judgments imposing consecutive terms of 10 years for conspiracy, 40 years for robbery with a dangerous weapon, and 5 years for each assault with a deadly weapon on a law enforcement officer. Defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Marilyn R. Mudge, for the State.*

*Harold G. Pope for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first assigns error to the trial court's denial of his pretrial motion to sever the charges of assault from the charges of robbery and conspiracy. Because defendant did not renew this pretrial motion before or at the close of all evidence as required by G.S. 15A-927(a)(2), he waived any right to severance. *State v. Silva*, 304 N.C. 122, 282 S.E. 2d 449 (1981). Even if defendant had renewed his motion for severance, he cites no authority for his contention, arguing only that the consolidation of charges was unfairly prejudicial. Review of the trial court's decision is limited to whether the trial court abused its discretion at the time of its decision. *State v. Albert*, 312 N.C. 567, 324 S.E. 2d 233 (1985). We hold defendant has not shown any abuse of discretion in this case on the part of the trial court. This assignment of error is overruled.

[2] Defendant argues in his second assignment of error that the trial court erred in "denying defendant's motion based on *State v. Cofield*, 320 N.C. 297 (1987), requesting a continuance to allow time to investigate the constitutionality of the indictment of the defendant in Bladen County based on the information and belief of the defendant" that the grand juries in Bladen County have had only one black foreman in the past 40 years.

This assignment of error purports to be based on an exception to the denial of defendant's motion requesting "expenses necessary to obtain and examine records of the jury and jury formen [sic] selection process" and "sufficient opportunity after the requested records have been made available to examine them. . . ." This motion was made after defendant had entered pleas of not guilty, and the trial court denied the motion stating that the motion was "not timely."

Although defendant refers to this motion as a motion for a continuance, it is unclear whether the trial court treated it as such or treated it as a challenge to the indictment. Ordinarily motions challenging bills of indictment must be made at or before the time of arraignment under G.S. 15A-952(b) and (c). In the present case, defendant waived arraignment and entered pleas of not guilty on 18 August 1986 and 10 November 1986. It was not until 14 October 1987 that defendant made the motion which is the subject of this assignment of error. The trial judge did not err in ruling that the motion was not timely made, and he properly dismissed the motion. Even if the motion were considered a motion for a continuance, it would not be timely. G.S. 15A-952 requires a motion for continuance to be filed prior to arraignment unless the trial court allows otherwise. A denial of a motion for a continuance is not subject to review absent an abuse of discretion, and the requirement that defendant show this abuse of discretion is applied with even greater vigor when the motion is not timely. *State v. Branch*, 306 N.C. 101, 291 S.E. 2d 653 (1982). Upon reviewing the record, we find that the trial court did not abuse its discretion in denying defendant's motion. This argument has no merit.

[3] Defendant next contends by his third assignment of error that the trial court erred in permitting the State to amend the unsigned indictment in case 87CRS3375. Again, defendant made no motion challenging the indictment prior to his waiver of arraignment, contrary to the provisions of G.S. 15A-952. Even so, the omission of a signature on one of the bills of indictment does not affect the substance of the bill. It is a mere clerical error, and since the other four bills were properly signed on the same day it is an oversight which is clearly not prejudicial to defendant. Under the facts of this case, the trial court did not err in amending the bill of indictment by adding the signature of the grand jury

foreman. *See* G.S. 15-153; *State v. Spinks*, 24 N.C. App. 548, 211 S.E. 2d 476 (1975).

[4]  Defendant next argues the trial court erred in the denial of his motion to suppress an incriminating written statement given by him on the grounds that it "was obtained under duress, coercion and physical abuse . . .," that the written statement was not in the words of defendant, and that defendant did not initial the bottom of each page. We first note that defendant failed to file an affidavit containing facts supporting his motion as required by G.S. 15A-977, and for that reason the motion could have been summarily denied. The trial court conducted a hearing on the motion, however, and denied the motion after making findings of fact. We have reviewed the evidence and hold that the trial court's findings of fact and conclusion that the statement was voluntary is supported by competent evidence.

Defendant's contention that the statement should have been suppressed because it was not in defendant's own words is likewise without merit. Defendant did not raise this issue in his motion to suppress, but did raise it at trial. Even if defendant followed the proper procedures, there is no merit to his argument. "The summary statement of an accused reduced to writing by another person, where it was freely and voluntarily made, and where it was read to or by the accused and signed or otherwise admitted by him as correct shall be admissible against him." *State v. Boykin*, 298 N.C. 687, 693, 259 S.E. 2d 883, 887 (1979), *cert. denied*, 446 U.S. 911 (1980). The evidence in this case is sufficient to show that although the statement was not in defendant's own words, it was made freely and voluntarily, and was signed by defendant.

Defendant also contends the way in which he initialed the pages of the statement, and his failure to initial one page is evidence that he was not allowed to read the statement and that he did not freely admit it as correct. Again, defendant did not raise this issue in his motion to suppress. Even if it were properly raised at trial, defendant cites no cases which support his contentions that such defects should make the statement inadmissible. His argument is without merit.

[5]  Defendant further argues the trial court erred in denying his objections to certain testimony which he contends was either ir-

relevant or inadmissible hearsay. Evidence of a prior robbery of Wachovia Bank in Dublin was admitted at trial. Such evidence was relevant because defendant's statement indicated money from the robbery was used to buy walkie-talkies, ski masks and shotguns for the robbery in this case, and because of the similarities in the robberies. Defendant argues no other grounds for his contention that the evidence was inadmissible, and his argument has no merit.

[6]    There is likewise no merit to defendant's contention that the testimony of Steve Bunn, an investigator with the Bladen County Sheriff's Department, was inadmissible hearsay. When asked by the prosecutor why he went back to the vicinity of the crime scene with John Carthens, Bunn said he went back to "search for further evidence, with Mr. Carthens' assistance." This in no way amounts to hearsay, but is merely a statement of fact. This argument borders on the frivolous.

[7]    Defendant also argues the trial court erred in denying his motion to suppress tangible evidence because the affidavit in support of the search warrant was insufficient to provide probable cause and because the items seized and introduced at trial were not specifically set out in the warrant. We disagree. The affidavit clearly stated that the residence to be searched was occupied by defendant and his brothers, that witnesses had identified one of defendant's brothers, and that a reliable informant had stated a shotgun was at the residence. A warrant is properly issued if the affidavit discloses sufficient information for a reviewing magistrate to determine practically and with common sense that there is a fair probability contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates,* 462 U.S. 213 (1983). Under this totality of circumstances test adopted in *State v. Arrington,* 311 N.C. 633, 319 S.E. 2d 254 (1984), we hold the trial court properly denied defendant's motion to suppress the evidence since there was probable cause.

Likewise, defendant's argument that the items seized were not specifically set out in the warrant is without merit. The only piece of evidence introduced at trial and seized pursuant to the warrant was a "green zip up bag." The warrant specified a "green bank bag," and defendant concedes the bags are "similar." This similarity is sufficient, and even if it were not, the bag was prop-

erly seized as an instrumentality of the crime found during a lawful search. *Warden, Maryland Penitentiary v. Hayden*, 387 U.S. 294 (1967). This assignment of error has no merit.

[8] Defendant next argues the trial court erred "in communicating with the jury regarding requests by the jury to review certain evidence by means of notes to and from the jury . . . rather than addressing the jury as a whole in open court as required by G.S. 15A-1233(a)." We disagree. Article I, Section 24 of the North Carolina Constitution requires a trial judge to give explanatory instructions to all jurors because to do otherwise would violate a defendant's right to a unanimous verdict of a jury in open court. *State v. Ashe*, 314 N.C. 28, 331 S.E. 2d 652 (1985); *State v. McLaughlin*, 320 N.C. 564, 359 S.E. 2d 768 (1987). G.S. 15A-1233(a) further requires that "jurors must be conducted to the courtroom" if, after retiring for deliberation, they request a review of evidence.

In this case, the jury sent three notes to the trial judge requesting evidence to review. On each occasion, the bailiff took the notes to the judge and then delivered the judge's reply to the jury. Although this is error as to the requirements of G.S. 15A-1233(a), it is not a constitutional violation nor is it prejudicial to defendant. Unlike *Ashe*, in this case the judge did not communicate with less than all jurors since his notes were delivered by the bailiff to the jury as a whole. There was therefore no violation of the North Carolina Constitution. *See State v. McLaughlin*, 320 N.C. 564, 359 S.E. 2d 768 (1987). Defendant has also not met his burden of showing the trial court's error was such that there was a reasonable possibility that absent the error a different result would have been reached. G.S. 15A-1443(a). This argument is without merit.

Defendant further contends the trial court erred in denying his motions for a directed verdict, to set aside the verdict and for a new trial. Defendant bases his argument on his previous assignments of error, and in light of our holdings concerning them, we hold this argument is meritless.

[9] In defendant's next assignment of error he argues the trial court erred by not finding any mitigating factors to be considered in sentencing. These factors, defendant contends, are his passive participation in the crime, his age and immaturity, the caution he

exercised to avoid bodily harm, and his voluntary acknowledgment of wrongdoing at an early stage of the criminal process. A defendant has the burden of showing the evidence compels the finding and that no contrary inference can reasonably be drawn. *State v. Freeman*, 313 N.C. 539, 330 S.E. 2d 465 (1985). In this case, defendant has failed to meet his burden. The evidence clearly shows defendant was more than a passive participant in the crime and that he was actually the leader of the operation. Evidence is likewise lacking to show immaturity because age alone is not adequate to show that his immaturity significantly reduced his culpability. *State v. Vanstory*, 84 N.C. App. 535, 353 S.E. 2d 236 (1987). There is also no evidence defendant exercised caution to avoid bodily harm. His failure to shoot the officers when he had the opportunity does not amount to such caution since the fact that a defendant does not take an opportunity to commit a greater offense does not qualify as caution. *State v. Arnette*, 85 N.C. App. 492, 355 S.E. 2d 498 (1987). Defendant's contention that he acknowledged wrongdoing at an early stage in the criminal process was not raised at the sentencing hearing. However, because it is a statutory mitigating factor, the trial court was required to find it if it was proved by a preponderance of the evidence. *State v. Gardner*, 312 N.C. 70, 320 S.E. 2d 688 (1984). We hold that the trial court did not abuse its discretion in not finding such a factor because defendant only admitted wrongdoing after his arrest. *State v. Thompson*, 314 N.C. 618, 336 S.E. 2d 78 (1985). Defendant's arguments are meritless.

[10] Finally, defendant contends the trial court erred by not deferring sentencing and by imposing his sentences consecutively following another prison term for another armed robbery conviction. A motion to continue a sentencing hearing is addressed to the discretion of the trial judge who may grant it for good cause. *State v. Blandford*, 66 N.C. App. 348, 311 S.E. 2d 338 (1984). We find no abuse of discretion in this case. Further, sentences within the maximum set by statute are not cruel and unusual punishment absent constitutional defect in the statute. *State v. Higginbottom*, 312 N.C. 760, 324 S.E. 2d 834 (1985). Likewise, the imposition of consecutive sentences, standing alone, is not cruel and unusual punishment. *State v. Ysaguire*, 309 N.C. 780, 309 S.E. 2d 436 (1983). "A defendant may be convicted of and sentenced for each specific criminal act which he commits." *Id.* at 786, 309 S.E. 2d at 441.

We hold that defendant had a fair trial, free from prejudicial error.

No error.

Judges JOHNSON and PARKER concur.