STATE OF NORTH CAROLINA
v.
DAVID OSCAR FLOWE
No. COA08-1311.
Court of Appeals of North Carolina.
Filed April 21, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Harriet F. Worley, for the State.
William B. Gibson for defendant-appellant.
STEELMAN, Judge.
Where defendant has failed to show he was prejudiced by the trial court's failure to conduct the jury to the courtroom in order to respond to a jury request, defendant is not entitled to a new trial. Where the evidence requested by the jury had not been received into evidence, the trial court did not abuse its discretion in not allowing the jury to review that evidence.

I. Factual and Procedural Background
In the early morning hours of 15 June 2007, Mecklenburg County Police Officer Michael Dezenzo responded to calls involving shootings and home invasions in the Beatties Ford Road area of Charlotte. He was given a description of a gold-colored vehicle that might have been used in the crimes. Officer Dezenzo located the suspect vehicle and requested assistance with the traffic stop. After pursuing the vehicle for over thirty minutes on interstate highways, police stopped the vehicle by using "stop sticks" to deflate the vehicle's tires. Once stopped, police ordered defendant out of the vehicle, handcuffed him, and searched the vehicle incident to the arrest. At the top right-hand corner of the driver's seat, Officer Dezenzo found a small black change purse containing sixteen individually packaged rocks later identified as cocaine.
Defendant was transported to the Law Enforcement Center, where he was read his Miranda rights and stated that he understood those rights, before being interviewed by Detective Kenneth Ball. During a videotaped interview, defendant denied involvement with any shooting or robbery. Defendant eventually told police that he had tried to evade the police because he was scared about the black bag in his vehicle. When specifically asked about what was in the black bag, defendant told police that it contained "dope." A portion of the videotaped interview was shown to the jury and admitted into evidence.
Defendant did not present any evidence. A jury found defendant guilty of possession of cocaine and of attaining habitual felon status. The trial court sentenced defendant to 135-171 months imprisonment. Defendant appeals.

II. Jury Questions
In his two arguments on appeal, defendant contends the trial court failed to comply with N.C. Gen. Stat. § 15A-1233(a) when the jury requested a review of certain evidence. We disagree.
The jury sent a note to the trial judge requesting "a transcript of the `portion' of the tape about the pouch [and] dope[.]" The judge sent a written note back to the jury stating, "No transcript of the portion of the tape about the pouch and dope was admitted into evidence; only the video recording of that evidence was admitted." Although defendant did not object, "[a] lack of objection at trial does not bar a defendant's right to assign error to a judge's failure to comply with the mandates of Section 15A-1233(a)." State v. Helms, 93 N.C. App. 394, 401, 378 S.E.2d 237, 241 (1989).
Section 15A-1233(a) provides:
If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.
N.C. Gen. Stat. § 15A-1233(a) (2007). This statute imposes two duties upon the trial court: (1) that all jurors be returned to the court room, and (2) that the judge exercise discretion in ruling upon the request. Helms, 93 N.C. App. at 401, 378 S.E.2d at 241. Defendant argues that the trial court did not fulfill either duty.

A. Returning the Jury to the Courtroom
Defendant asserts that he is entitled to a new trial because the trial court responded to the jury's request without bringing the jury back into the courtroom. This Court has addressed the same issue on facts similar to the present case. In State v. Colvin, 92 N.C. App. 152, 374 S.E.2d 126 (1988), disc. review denied, 324 N.C. 249, 377 S.E.2d 758 (1989), the jury sent three notes to the trial judge requesting evidence to review, and on each occasion, the bailiff delivered the judge's reply to the jury. Id. at 159, 374 S.E.2d at 131 (1988). This Court held that while the communication violated the requirements of subsection (a), there was no violation of the North Carolina Constitution, and defendant failed to show other prejudice since the judge communicated with all jurors by having his notes delivered to the jury as a whole. Id; see also State v. McLaughlin, 320 N.C. 564, 359 S.E.2d 768 (1987) (message sent to jury through the bailiff rather than by addressing the jury in open court, though error, not prejudicial to defendant).
It is undisputed that the jury was not conducted into the courtroom during this time, and the trial court did not comply with the provisions of N.C. Gen. Stat. § 15A-1233(a). Helms, 93 N.C. App. at 401, 378 S.E.2d at 241. However, as in Colvin, the trial judge communicated with all the jurors since his written note was delivered to the jury as a whole. We hold that this issue is controlled by Colvin. Defendant has failed to show he was prejudiced by the trial court's failure to conduct the jury to the courtroom. This argument is without merit.

B. Trial Court's Exercise of Discretion
N.C. Gen. Stat. § 15A-1233(a) (2008) grants the trial court discretion to make available to the jury only "testimony or other evidence" and "exhibits and writings which have been received in evidence." N.C. Gen. Stat. § 15A-1233(a) and (b). This Court reviews the trial court's exercise of discretion to determine whether the ruling "was so arbitrary that it could not have been the result of a reasoned decision." State v. Dial, 122 N.C. App. 298, 308, 470 S.E.2d 84, 91 (1996), disc. review denied, 343 N.C. 754, 473 S.E.2d 620 (1996).
Defendant asserts that the trial court failed to affirmatively exercise its discretion as required by statute, and therefore, he is entitled to a new trial. Defendant cites to State v. Barrow, 350 N.C. 640, 517 S.E.2d 374 (1999), in support of his contention. In Barrow, our Supreme Court concluded that the trial court's statement that it did not "'have the ability to now present to you the transcription of what was said during the course of the trial'" indicated that the trial court failed to exercise its discretion in violation of N.C.G.S. § 15A-1233(a). Id. at 647, 517 S.E.2d at 378 (emphasis omitted).
In his written note, the trial judge told the jury that the requested evidence, a transcript of the interview, was not admitted into evidence. The trial court further informed the jury that a videotape of the interview was admitted into evidence. The trial court could not exercise his discretion under N.C. Gen. Stat. § 15A-1233(a) as to whether the jury should be allowed to review a transcript of the interview because a transcript of the interview was not admitted into evidence. See State v. Porter, 340 N.C. 320, 330, 457 S.E.2d 716, 720 (1995) ("trial court could not exercise its discretion as to whether to allow the jury to review evidence on a point, when no such evidence had been introduced").
The trial court could not allow the jury to review a transcript of the interview because no such transcript was admitted into evidence. In its note, the trial court did alert the jury that a videotape of the interview was admitted into evidence, essentially inviting the jury to ask to see it. However, the jury did not request to see the videotape. We conclude that defendant has failed to demonstrate an abuse of discretion and is not entitled to a new trial.
Defendant has failed to argue the remaining assignments of error in his brief; and they are deemed abandoned pursuant to North Carolina Rule of Appellate Procedure 28(b)(6).
NO PREJUDICIAL ERROR.
Judges HUNTER, ROBERT C. and JACKSON concur.
Report per Rule 30(e).